**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gilberto ARAIZA, Defendant-Appellant.**

**No. 82–2193.**

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1982.

Mike McNamara, Harlingen, Tex. (Court-appointed), for defendant-appellant.

John M. Potter, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, GOLDBERG and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Gilberto Araiza was indicted by a federal grand jury on four counts for alleged violations arising out of a scheme to import marijuana into the United States from Mexico. On March 3, 1982, Araiza pled guilty to Count One, conspiracy to import marijuana in violation of 21 U.S.C. § 963 and § 952(a), and to Count Two, importing 907 pounds of marijuana in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2. On April 1, 1982, Araiza filed a motion to withdraw his plea of guilty. The district court on April 9, 1982 denied the motion and sentenced Araiza to a term of five years imprisonment on each of the two counts, to be served consecutively, in addition to a special parole term of 15 years. The court dismissed Counts Four and Five.

On appeal, Araiza contends that his guilty plea was coerced by his own subjective fear of receiving a greater sentence if the case were to go to trial and that the trial court erred in overruling his motion to withdraw his plea of guilty. Because the plea was voluntary and the denial of the motion to withdraw was within the court's discretion, we affirm.

### I. Acceptance of The Plea

In *United States v. Dayton,* 604 F.2d 931 (5th Cir.1979) (en banc), *cert. denied,*

445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980), this court explained in clear and definitive terms the requirements of a validly accepted plea of guilty under Federal Rule of Criminal Procedure 11. *Id.* at 936–39. The key "core requirements" are (1) that the defendant understand the charges against him, (2) that he know and understand the direct consequences of his plea, and (3) that his plea be entirely free of coercion. *United States v. Rodriguez-De-Maya,* 674 F.2d 1122, 1125 (5th Cir.1982).

In this instance, the district judge conducted the Rule 11 guilty plea hearing without flaw. Araiza stated that he understood the nature of the charges and knew the difference between right and wrong. He was represented by counsel and stated that he was satisfied with his lawyer's services. Araiza was apprised of and understood the penalty for perjury and understood that by pleading guilty he would face a maximum of 10 years in prison plus a special parole term.

Under the plea bargaining agreement Araiza was to plead guilty to two counts in exchange for the dismissal of two counts. Araiza stated that he was satisfied with the agreement and proceeded to plead guilty to the two counts. Pursuant to Fed.R.Crim.P. 11, Araiza discussed his guilty plea with the district judge. Araiza indicated that he was truly guilty, that his plea was completely voluntary and not coerced, and that no hope or expectation of leniency apart from the plea agreement had influenced his decision to plead guilty. The trial judge thereafter explained to Araiza that he had the right to plead not guilty and proceed to trial, with its various attendant rights, and that a guilty plea effectuates a waiver of those rights.

■ Before accepting Araiza's plea, the judge was informed by the prosecutor of the facts in Araiza's case. Araiza admitted that the facts of the conspiracy, as stated by the prosecutor, were true. Moreover, the judge stated that, in the trial of the coconspirators, he had heard evidence which implicated Araiza in the scheme. The judge asked specific questions relative to the facts he personally knew about the case, and Araiza indicated that those facts were true as well. Satisfied that the guilty plea was supported by fact, the judge accepted the plea. As the foregoing review of the record transcript makes clear, the district judge conducted the Rule 11 hearing without error.

## II. Denial of Motion to Withdraw Guilty Plea

Prior to the sentencing hearing, Araiza moved to withdraw his plea of guilty. Araiza's affidavit asserted his lack of guilt on the charges to which he had pled guilty and propounded that he had pled guilty out of a fear of receiving a more severe sentence at trial. Although Araiza contends that he "did not have time to thoroughly reflect" during the plea bargaining, he admitted under oath that he had told the truth when pleading guilty to the charges and admitting his involvement in the drug conspiracy.

■ Nonetheless, Araiza contends that the mere fear of receiving a 20-year sentence at trial compromised his volition and subverted his ability to intelligently evaluate his probable fate.[1] The record discloses no statements threatening a 20-year sentence if Araiza were to proceed to trial. The plea bargaining agreement itself is the sole basis for alleging coercion. The inducement to plead guilty based upon a plea agreement, however, does not render the plea involuntary or coerced. *Brady v. United States,* 397 U.S. 742, 751, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747, 758 (1970); *United*

---

1. As if to buttress his claim of coercion-by-fear, Araiza quotes out of context the sentencing judge's statement that he would have imposed greater than a 10-year sentence had the law allowed. Even inspired imaginations would be challenged to comprehend how a statement made after entry of a plea of guilty could have coerced the plea. Araiza's reliance on *United States v. Tateo,* 214 F.Supp. 560 (S.D.N.Y. 1963), in which the court found that a judge's *advance* announcement of the prospective life sentence if defendant proceeded with trial was coercion is therefore misplaced.

*States v. Rodriguez-DeMaya,* 674 F.2d 1122, 1127 (5th Cir.1982). *Grantling v. Balkcom,* 632 F.2d 1261, 1264 (5th Cir.1980). Moreover, a guilty plea is not rendered invalid because it is motivated by fear of greater punishment. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir.1978).

The right to withdraw a guilty plea is governed by the district judge's sound discretion and the denial of a motion to withdraw may not be disturbed absent an abuse of discretion. *United States v. Rodriguez-DeMaya,* 674 F.2d at 1128; *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir.1981). In the absence of coercion or ignorance, the court may consider whether the defendant was closely assisted by counsel and whether judicial economy would be served if the plea were withdrawn. *United States v. Rodriguez-DeMaya,* 674 F.2d at 1128; *United States v. Morrow,* 537 F.2d 120, 146 (5th Cir.1976), *cert. denied,* 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977). Araiza was closely assisted by counsel throughout the plea negotiations, arraignment, and sentencing phases. Judicial economy would clearly be enhanced by accepting Araiza's "free acknowledgement of his fault," thus "shortening the conviction process." *See United States v. Dayton,* 604 F.2d at 934. Nor can we identify any unfairness that implicates this defendant's guilt or the procedures leading to his plea. The district judge did not abuse his discretion in denying Araiza's motion to withdraw his plea. The judgment of the district court is AFFIRMED.