**H. Kent HOWARD, Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 91–2249.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1992.

Decided May 4, 1992.

**652**

Kevin McShane (argued), McShane & Inman, Indianapolis, Ind., for petitioner-appellant.

Mark D. Stuaan, Asst. U.S. Atty. (argued), Indianapolis, Ind., for respondent-appellee.

Before FLAUM and KANNE, Circuit Judges, and SHABAZ, District Judge.*

SHABAZ, District Judge.

On September 12, 1985 petitioner H. Kent Howard was convicted of mail fraud and false statements on his tax returns in violation of 18 U.S.C. §§ 1341, 1342 and 26 U.S.C. § 7206(1). On October 2, 1987 he filed an alternative motion to vacate his conviction pursuant to 28 U.S.C. § 2255 or for a writ of error coram nobis. On February 9, 1988 the district court vacated Howard's conviction of mail fraud based upon the Supreme Court's decision in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), but denied relief on his convictions for making false statements on his tax returns. Howard filed an appeal on April 13, 1988 and later agreed to its dismissal. On November 26, 1990 petitioner filed a second petition for a writ of habeas corpus as to the remaining tax counts or, alternatively, for a writ of error coram nobis requesting that his conviction for false statements on his tax returns be vacated. The district court denied the writ on May 15, 1991 and judgment was entered thereon on May 23, 1991. Because we find coram nobis relief is inappropriate, we affirm.

## BACKGROUND

On July 9, 1985 a Grand Jury in the Southern District of Indiana returned a Superseding Indictment against petitioner H. Kent Howard charging him with 19 counts of conspiracy, mail fraud and tax offenses. Howard pled guilty to Counts 3, 17 and 18 of the Superseding Indictment on August 8, 1985. The plea agreement was filed on the same day and the government agreed to dismiss the remaining counts. Count 3 of the Superseding Indictment charged Howard with assisting in a fraudulent scheme to deprive the citizens of Center Township of their intangible rights by bribing officials to obtain an abatement in property tax assessment. Counts 17 and 18 of the Superseding Indictment charged Howard with the filing of false tax returns unrelated to Count 3.

Howard voluntarily relinquished his law license in Indiana sometime after his conviction on the three counts to avoid an adversarial disciplinary hearing.

On September 12, 1985 the district court entered judgment and sentenced Howard to a two year term of imprisonment for Count 3 and a six month term of imprisonment on each of Counts 17 and 18 to be concurrent to one another and consecutive to the sentence on Count 3. Howard began serving his sentence on October 2, 1985 and was released from prison on July 10, 1987 and placed on parole. His sentence expired on March 31, 1988.

On October 2, 1987 Howard filed a Motion to Vacate Judgment and Sentence pursuant to 28 U.S.C. § 2255 or for a writ of error coram nobis. On February 9, 1988 and pursuant to 28 U.S.C. § 2255, the district court vacated Howard's conviction on mail fraud, Count 3, in conformance with the Supreme Court's decision in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). However the district court denied Howard's motion on the tax offenses, Counts 17 and 18, finding that there was no basis on which to vacate them.

* The Honorable John C. Shabaz, of the Western District of Wisconsin, is sitting by designation.

On November 26, 1990 Howard petitioned for a writ of habeas corpus or, alternatively, for a writ of error coram nobis concerning his conviction on the tax counts, 17 and 18. Howard claimed that he did not become aware until approximately March 1990 that he had actually or constructively received certain funds in 1979 rather than in 1980 as charged in Count 17. He asserts that his lack of knowledge rendered his plea agreement invalid as he would not have entered into any plea agreement had he known.

On May 15, 1991 the district court found that it lacked jurisdiction to hear Howard's petition for habeas relief as Howard was no longer in custody, and that the ongoing legal disabilities were insufficient to grant coram nobis relief. Howard claimed the following lingering civil disabilities as found by the district court:

a. he voluntarily turned over his license to practice law in Indiana because he wanted to avoid an adversarial disciplinary hearing "which almost certainly would have resulted in his disbarment anyway;"

b. "the Indiana Supreme Court Disciplinary Commission has been actively opposing Howard's readmission to practice law;"

c. although he is the managing partner of the Sportsman's Club on Little Cayman Island, he may be denied entry to the Cayman Islands or deported from the Cayman Islands after entry as a result of his conviction;

d. he is prohibited from possessing a firearm; and

e. his reputation is damaged.

Howard appealed from the district court's judgment denying his claim for coram nobis relief.[1]

### DISCUSSION

■ The all-writs section of the Judicial Code, 28 U.S.C. § 1651(a), authorizes the issuance of writs of error coram nobis. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). A writ of error coram nobis affords the same general relief as a writ of habeas corpus. *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir.1988). However, while a defendant must be in custody under a court sentence to pursue a writ of habeas corpus, a writ of error coram nobis is available to a defendant after release from custody. *Id.* at 477–78. A writ of error coram nobis should only be allowed under compelling circumstances as it is an extraordinary remedy. *Morgan*, 346 U.S. at 511, 74 S.Ct. at 252; *United States v. Keane*, 852 F.2d 199, 202 (7th Cir.1988), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989).

■ As a substitute for the "custody" requirement under 28 U.S.C. § 2255, the petitioner must show that he or she is under a substantial legal disability in order to obtain a writ of error coram nobis. *United States v. Bush*, 888 F.2d 1145, 1148, 1150–51 (7th Cir.1989). Specifically, a petition for a writ of error coram nobis to vacate a federal conviction where the sentence has been served will not be granted unless a petitioner can show that he or she suffers from ongoing civil disabilities, or adverse collateral consequences, due to his or her allegedly wrongful conviction. *See United States v. Craig*, 907 F.2d 653 (7th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2013, 114 L.Ed.2d 100 (1991); *Bush*, 888 F.2d 1145; *Keane*, 852 F.2d 199. To show that he or she suffers from ongoing civil disabilities a petitioner must demonstrate the following:

Considering ... systemic interests in finality, we have rejected coram nobis petitions except where there is a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm to the petitioner. Thus, the types of disabilities sufficient to justify coram nobis relief can be broken down into three elements. First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise

---

1. In analyzing Howard's claim for coram nobis relief, the district court only addressed the issue of ongoing civil disabilities to which we confine our review.

out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental.

*Craig*, 907 F.2d at 658 (footnote omitted).[2]

 Howard revives some of his arguments presented to the district court but does not succeed in refuting the district court's determination that the ongoing legal disabilities of which he complains did not arise from his conviction or are merely speculative. He reasserts the following consequences of his conviction: (i) that he can no longer practice law; (ii) that he can no longer possess a firearm; and (iii) that he may be denied entry or deported from the Cayman Islands.

Law License

We have previously noted that the loss of the right to hold occupational licenses, including law licenses, is the type of civil disability which could support issuance of a writ of error coram nobis. *Craig*, 907 F.2d at 659; *Keane*, 852 F.2d at 203. In *Keane* we found that the petitioner was not under any disability because although he was disbarred after his conviction of mail fraud, the Illinois Supreme Court readmitted him to practice before he filed his petition for a writ of error coram nobis. *Keane*, 852 F.2d at 203. In a more recent case we found that although the petitioner had been disbarred after his conviction, coram nobis relief was not appropriate because he had not proven that "his conviction [was] a direct cause of his disbarment or that he [had] a present desire to apply for reinstatement to the bar." *Craig*, 907 F.2d at 659.

Howard's current inability to practice law did not arise from his conviction. He voluntarily surrendered his license to practice law in Indiana sometime after his con-

viction. He claims it was inevitable that he would have been disbarred due to his conviction because a felony conviction in Indiana "virtually" guarantees disbarment. By his own admission, disbarment is not automatic in such instances. None of the disciplinary rules or cases cited by Howard support the contention that he would have been automatically disbarred specifically on the basis of the crimes for which he was convicted. The Indiana disciplinary rules in effect when Howard voluntarily surrendered his license, and those in effect since then, discipline lawyers for criminal acts or conduct which indicate a lack of characteristics relevant to the practice of law and includes conduct involving "moral turpitude" or dishonesty. *See* Indiana Rules for Admission to the Bar and the Discipline of Attorneys, Rule 23(2)(a) [hereinafter "Ind. AD"]; Indiana Rules of Professional Conduct (effective as of January 1, 1987), Rule 8.4; Indiana Code of Professional Responsibility (effective prior to January 1, 1987), DR 1–102(A). We decline to speculate on the ruling of the Indiana Supreme Court in Howard's case. The court could have suspended rather than disbarred Howard. *See*, Ind. AD 23(2)–(3). Because Howard voluntarily resigned as a member of the Indiana bar, the link between the disability, his inability to practice law, and his conviction is more tenuous than in *Craig* where we addressed the issue.[3]

Further, Howard has failed to demonstrate that his inability to practice law has caused him a serious present harm. *See Craig*, 907 F.2d at 658. Howard asserts, unlike petitioner Pappas in *Craig*, that he has been actively seeking reinstatement to the Indiana bar. Although Howard has filed a petition for reinstatement to the Indiana Bar, there is no evidence in the

---

2. To obtain a writ of error coram nobis, a petitioner must show more than that he or she suffers from a lingering civil disability. In *Bush* we concluded that:

> [T]he writ should issue only when the petitioner suffers an ongoing legal disability, presents questions that could not have been resolved at the time of the conviction, and, if pressing a strictly legal question about the adequacy of the charges, establishes that the indictment does not state an offense.

888 F.2d at 1146.

3. In *Craig* we found that one of the petitioners, Peter V. Pappas, had not shown that his conviction was a direct cause of disbarment where the Illinois Supreme Court disbarred him after his conviction because we found that the Illinois Supreme Court does not discipline lawyers solely for a conviction but also for the underlying conduct. 907 F.2d at 659.

record that the Indiana Supreme Court has rendered a decision on his application. Because Howard's inability to practice law did not arise from his conviction and is not causing him a "present harm," coram nobis relief is not justified.

Possession of a Firearm

■ Howard has not demonstrated that his inability to possess a firearm poses a serious present harm to him. We have previously noted that the loss of the right to bear arms could be the type of civil disability conferring coram nobis jurisdiction. *Keane*, 852 F.2d at 203. Under Indiana law a person who is convicted of a felony cannot carry a handgun. Ind.Code § 35–47–2–3(f) (1991). Howard has presented no evidence that this disability is causing him present harm.

Restrictions on Travel to Foreign Jurisdictions

· ■ Finally, Howard argues that he may be denied entry or deported from the Cayman Islands where he frequently travels on business as the managing partner of the Sportsman's Club located on Little Cayman Island. Howard alleges that pursuant to the Cayman Protection Law of 1984, Part V, §§ 36(g)–(h), a person who is not from the Cayman Islands is a prohibited immigrant if he or she has either been deemed undesirable by the Governor or been convicted in any country of an offense imposing a sentence of twelve or more months of imprisonment without receiving a "free pardon." Whether this statute would even apply to Howard is questionable. Howard's conviction on mail fraud was vacated. He was sentenced to six months imprisonment on each of Counts 17 and 18, but these terms were concurrent to one another. Accordingly, the government of the Cayman Islands may find that the statute does not apply to Howard because it requires a sentence of imprisonment of twelve or more months. Even were the statute to apply, the loss of the right to travel to a foreign country does not appear to be a civil disability of the type justifying the issuance of a writ of error coram nobis. Assuming that restrictions on travel to foreign countries are the type of civil disabilities conferring coram nobis jurisdiction, Howard has not shown that they are causing him serious present harm, nor has he provided any evidence that the government of the Cayman Islands has challenged his presence in the Cayman Islands. We can only conclude that the harm caused by this alleged civil disability is speculative.

### CONCLUSION

As we have previously determined, a coram nobis petitioner must show continuing disabilities from his or her allegedly erroneous conviction. Petitioner has not met this requirement. Accordingly, judgment of the district court denying a writ of error coram nobis to H. Kent Howard is affirmed.