May 21, 1993

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 93-1017

EDWARD B. HAGER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Martin F. Loughlin, Senior U.S. District Judge]

Before

Breyer, Chief Judge,

Bownes, Senior Circuit Judge,

and Boudin, Circuit Judge.

Robert E. McDaniel with whom Devine, Millimet & Branch, P.A. was

on brief for petitioner.

-1-
1

Peter E. Papps, United States Attorney, for respondent.

May 21, 1993

BREYER, Chief Judge. In a hearing conducted on

May 29, 1990, the appellant, Edward Hager, entered a plea of

guilty to a charge of unlawfully importing four wild animal

pelts from Mexico into the United States. 16 U.S.C.

3372(a)(2)(A) (prohibiting importation of wildlife taken or

possessed in violation of foreign law), 3373(d)(1)(A)

(setting criminal penalties for violation). Immediately

after the hearing, the court sentenced Hager to serve one

year of unsupervised probation and to pay a $75,000 fine.

He did not appeal the court's judgment. On November 2,

1992, he asked the district court to issue a writ of coram

nobis, setting aside his conviction. See 28 U.S.C.

1651(a)("All Writs Act"); United States v. Morgan, 346 U.S.

502, 512 (1954). The district court denied the petition for

the writ. And, Hager appeals the court's decision.

Hager makes one argument on this appeal. He

points out that the district court, before accepting a

guilty plea, must make certain that the defendant's "plea is

voluntary." Fed. R. Crim. P. 11(d); see also North Carolina

v. Alford, 400 U.S. 25, 31 (1970) (plea must be "voluntary

and intelligent choice among the alternative courses of

action open to the defendant"). Hager says that, in his

-3-
3

case, the district court failed to make this determination.

The court asked him

"Now, have there been any threats made
by anyone against you, any member of
your family, or anyone near and dear to
you which compels you to offer a plea of
guilty here this morning?"

The appellant replied,

"Only the threat to my health, sir."

How, asks the appellant, could the district court know

enough about the matter after this brief exchange to satisfy

itself that the "threat" to his "health" was not so grave as

to make his plea essentially involuntary? Unless there is a

satisfactory answer to this question, he adds, his "guilty

plea" proceeding was so seriously flawed as to warrant

issuance of the coram nobis writ.

The legal answer to appellant's question is that

the writ of coram nobis is an unusual legal animal that

courts will use to set aside a criminal judgment of

conviction only "under circumstances compelling such action

to achieve justice." See Morgan, 346 U.S. at 511. Those

circumstances include an explanation of why a coram nobis

petitioner did not earlier seek relief from the judgment,

see United States v. Osser, 864 F.2d 1056, 1061-62 (3d Cir.

1988), Kiger v. United States, 315 F.2d 778, 779 (7th Cir.),

-4-
4

cert. denied, 375 U.S. 924 (1963); a showing that the

petitioner continues to suffer significant collateral

consequences from the judgment, see Morgan, 346 U.S. at 512-

13, Howard v. United States, 962 F.2d 651, 653 (7th Cir.

1992); and a demonstration that an error of "the most

fundamental character," relevant to the plea decision,

occurred. See Morgan, 346 U.S. at 512.

The appellant has neither explained why he did not

pursue a timely appeal nor shown significant, continuing

collateral consequences flowing from his conviction. And,

he has conceded the following facts: (1) at the time of the

plea hearing, the district court was aware of his medical

problems, both from the record of earlier proceedings in the

case prior to its transfer to New Hampshire and from

appellant's own description of these problems, later in the

course of the hearing; (2) when asked whether there was any

reason why the court should not accept appellant's plea,

appellant replied that there was not, see Key v. United

States, 806 F.2d 133, 136 (7th Cir. 1986) (defendant's

representations at plea hearing strong obstacle to

successful collateral attack on conviction); (3) appellant's

counsel, in response to the court's inquiry, stated his

opinion that the plea was in the best interests of his

-5-
5

client, see United States v. Guichard, 779 F.2d 1139, 1145

(5th Cir.), cert. denied, 475 U.S. 1127 (1986) (unless overt

coercion alleged, counsel's opinion good evidence of

voluntary and intelligent plea), citing United States v.

Araiza, 693 F.2d 382, 385 (5th Cir. 1982); and (4) the

government demonstrated at the coram nobis proceeding before

the district court that, two months after entering his plea,

appellant was well enough to travel to Africa to hunt wild

animals. These facts, together, convince us that

appellant's plea was not "involuntary;" that the court's

failure to ask more health-related questions was not

erroneous; and, certainly, that no error of a "fundamental

character" occurred. See Morgan, 346 U.S. at 512; Fed. R.

Crim. P. 11(h) (no redress for Rule 11 error which does not

violate substantial rights); cf. United States v. Timmreck,

441 U.S. 780, 784 (1979) (to justify habeas relief,

violation of Rule 11 must be "complete miscarriage of

justice" or "omission inconsistent with the rudimentary

demands of fair procedure," not just technical violation).

The judgment of the district court denying the

petition for a writ of coram nobis is

Affirmed.

-6-
6