16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Filiberto FRIAS-CASTRO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1254.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 In 1987, Filiberto Frias-Castro[1] pleaded guilty to illegal re-entry into the United States after having been arrested and deported, 8 U.S.C. Sec. 1326, and to using a telephone to facilitate a drug trafficking offense. 21 U.S.C. Sec. 843(b).[2] The district court for the Eastern District of Wisconsin sentenced Castro to two years' incarceration on the first count and one year on the second, with the sentences to be served consecutively. He served the sentence without challenging the conviction or sentence on direct appeal or by collateral attack. After his release, Castro was convicted in the Central District of Illinois of conspiring to distribute in excess of five kilograms of cocaine. He is currently serving a 240 month term of imprisonment for this offense. Believing that his 1987 felony drug conviction--which he contends was used to enhance his current sentence--was invalid, he filed this motion pursuant to 28 U.S.C. Sec. 2255 in the district court for the Eastern District of Wisconsin, challenging the 1987 guilty plea and sentence. The district court denied the petition on the merits.
 
 
 2
 Because Castro was no longer serving his sentence for the 1987 conviction, the government argued that the district court lacked jurisdiction to entertain a collateral attack on that conviction and moved to dismiss the appeal. In response, this court requested that the parties address whether the district court had jurisdiction to issue a writ of error coram nobis. (Order of June 17, 1993). The government concedes that a writ of coram nobis is the appropriate vehicle for a petitioner who, like Castro, is seeking to vacate a conviction after having completely discharged his sentence for that conviction. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954); see Howard v. United States, 962 F.2d 651, 653 (7th Cir.1992); United States v. Craig, 907 F.2d 653, 658 (7th Cir.1990), cert. denied, 111 S.Ct. 2013 (1991). A motion filed pursuant to Sec. 2555 may be construed as a motion for a writ of error coram nobis. Lewis v. United States, 902 F.2d 576, 577 (7th Cir.1990), cert. denied, 498 U.S. 875 (1990). Jurisdiction therefore was properly conferred and we will so construe Castro's motion. Id.; United States v. Bonansinga, 855 F.2d 476, 478 (7th Cir.1988).
 
 
 3
 To obtain relief through a writ of error coram nobis a petitioner must demonstrate that he suffers lingering legal disabilities as a result of the judgment of conviction, and that the error would have justified relief during the term of imprisonment. United States v. Keane, 852 F.2d 199, 202-03 (7th Cir.1988), cert. denied, 490 U.S. 1084 (1989). The government concedes the first element. Thus, Castro must establish that his prior conviction was constitutionally invalid.
 
 
 4
 Relief under coram nobis is no more readily available to one who is no longer in custody than relief available to one still serving his sentence. As such it is limited to addressing errors "of the most fundamental character." Morgan, 346 U.S. at 512. An error of "fundamental character" is one that renders the proceeding itself irregular or invalid or results "in a complete miscarriage of justice." E.g., Bonansinga, 855 F.2d at 478 (failure of indictment to state an offense). Even if a fundamental error is shown, however, coram nobis relief will be available only where "sound reasons" exist for the failure to seek appropriate earlier relief. Morgan, 346 U.S. at 512.
 
 
 5
 Castro did not appeal his conviction, or otherwise seek relief earlier. He insists that he instructed counsel to appeal his 1987 conviction, but was advised that he had waived his right to an appeal by pleading guilty. " 'A judgment entered on a guilty plea is an appealable order, albeit the grounds for appeal are considerably more limited than if the defendant had contested the charges at trial.' " Belford v. United States, 975 F.2d 310, 314 (7th Cir.1992) (quoting Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989)). We will assume without deciding that counsel's misinformation regarding appealability and counsel's failure to file an appeal constitutes a "sound reason" for Castro's failure to seek relief earlier.
 
 
 6
 Castro claims that his prior conviction under 21 U.S.C. Sec. 843, use of a telephone to facilitate a drug trafficking offense, is constitutionally defective because the plea entered was not knowing. A language barrier rendered him totally dependent on the advice of appointed counsel and Castro contends that as a result he was induced to enter a plea of guilty to a crime that he did not commit. He asserts that proof of the commission of the underlying felony, possession of cocaine with intent to distribute--an essential element of a Sec. 843 offense--was not satisfied. Although Federal Rule of Criminal Procedure 11 dictates that a district court ascertain a sufficient factual basis before accepting a plea of guilty, the Constitution does not require the same. Higgason v. Clark, 984 F.2d 203, 207-08 (7th Cir.), cert. denied, 113 S.Ct. 2974 (1993). However, " 'where it is impossible to find guilt from the facts stated as the factual basis for the plea' the court is apt to find the plea involuntary." Id. at 208. This is not the case here.
 
 
 7
 We agree with the district court's conclusion that a sufficient amount of cocaine was found in the jacket Castro threw off as he attempted to evade the police. An inference that the cocaine was intended for distribution is reasonable where it (an estimated 8 grams of 70% pure cocaine) was found with drug paraphernalia. E.g., United States v. Tanner, 941 F.2d 574, 586 (7th Cir.1991), cert. denied, 112 S.Ct. 1190 (1992). The telephone call, which Castro admits he made in hopes of recovering the jacket and its contents before the police, was an attempt to conceal evidence of possession of cocaine for distribution. A call made for this purpose would arguably satisfy "facilitation" of distribution; for possession is essential to distribution. Cf. United States v. Binkley, 903 F.2d 1130, 1135-36 (7th Cir.1990) (to "facilitate" in the ordinary meaning of the term it simply "to make easier"). Because it is not impossible to find guilt of the offense from these facts, Castro has not established that the proceeding was rendered invalid by the commission of a fundamental error. See United States v. Scherer, 673 F.2d 176, 178 (7th Cir.) (claim of new evidence), cert. denied, 457 U.S. 1120 (1982); see also United States v. Darnell, 716 F.2d 479, 481 n. 5 (7th Cir.1983) (denial of Rule 32(d) motion affirmed on ground of laches), cert. denied, 465 U.S. 1083 (1984) Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992) (competency to stand trial).
 
 
 8
 Having concluded that the facts supporting Castro's plea establish the offense of conviction, Castro's plea was valid. Consequently, Castro's claim that his attorney induced him to plead by misinforming him that his conduct matched the elements of the offense must also fail. See Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993); Hill v. Lockhart, 474 U.S. 52, 59 (1985). Finally, Castro was not prejudiced by counsel's failure to file an appeal because it is evident that even if an appeal had been filed, Castro had no reasonable probability of obtaining relief. E.g., Belford, 975 F.2d at 315 (ineffective assistance for failing to appeal from a conviction on a guilty plea).
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The appellant will hereafter be referred to as "Castro."
 
 
 [2]
 Count two of the indictment originally returned against Frias-Castro charged him with possession of cocaine with intent to distribute in violation of 18 U.S.C. Sec. 841(a)(1). After unsuccessfully moving to suppress the evidence, he agreed instead to plead guilty to the use of a telephone to facilitate a drug offense. 21 U.S.C. Sec. 843