**Ex parte Charles Lewis HATCHER.**

**No. 72027.**

Court of Criminal Appeals of Texas.

March 1, 1995.

---

Attorney pro se.

Tim Curry, Dist. Atty., and Helena F. Faulkner, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of burglary of a building. Punishment, enhanced by a prior conviction, was assessed at forty years imprisonment. No appeal was taken from this conviction.

Applicant contends that he is improperly being denied good time credits he accrued under a previous conviction for this offense. The record reflects that Applicant was initially convicted of this offense in 1985 under the same cause number and was paroled in 1988. While Applicant was on parole a federal court conditionally granted his petition for writ of habeas corpus and set aside the original conviction. *Hatcher v. Collins*, No. CA–4–88–112–K (No.Dist.Tex.—Fort Worth, delivered June 25, 1991). Applicant subsequently entered a plea agreement in which he pled guilty to this offense and to four others he had committed while on parole from the original conviction for this offense. Applicant's parole was subsequently revoked

based solely on his convictions for the new offenses.

The plea bargain entailed dismissal of one enhancement allegation in this cause, with twenty year sentences for each of the newly committed offenses to be consecutive to the forty year sentence in this cause. Applicant was returned to the Texas Department of Criminal Justice, Institutional Division, where he was given flat time credit for his previous time in custody for this offense, but denied credit for the good time he had accrued prior to his release on parole because his parole had been revoked.

■ Article 6181–1, § 4, V.A.C.S. (1983),[1] provides that a parolee's previously accrued good time credits are forfeited when his parole is revoked. However, a parole on which an inmate has been released from actual custody may not be revoked for violations committed prior to implementation of the parole. See *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr.App.1976) (probation may not be revoked for conviction obtained after being placed on probation when offense was committed before being placed on probation); *Delorme v. State*, 488 S.W.2d 808 (Tex.Cr.App.1973) (probation may not be revoked for acts committed while order granting probation is on appeal because probation has not commenced). A person who is reconvicted of an offense for which a previous conviction was set aside is entitled to all flat and good time credits accrued under that previous conviction. *Ex parte Bennett*, 508 S.W.2d 646 (Tex.Cr.App.1974).

■ Parole is authorized only for a person who has been sentenced to a term of imprisonment in the institutional division. Art. 42.18, § 8(a), V.A.C.C.P. When Applicant's conviction was set aside he was no longer so sentenced. The parole therefore was effectively set aside along with his original conviction and could not be reinstated until he was again convicted. The new offenses committed by Applicant were committed prior to any reinstatement of his parole, and could not provide the basis for any valid revocation of his parole. Consequently, it

---

1. Now repealed and substantially recodified in Gov't.Code § 498.004(b). However, Art. 6181–1 is still effective for convictions for offenses committed prior to its repeal in 1989.

was improper to revoke Applicant's parole after his original conviction had been vacated and to thereafter forfeit the good time credits he had accrued prior to his original parole. Applicant is entitled to relief.

Relief is granted. The Texas Department of Criminal Justice, Institutional Division, is required to reinstate all good time credits Applicant had accrued prior to his original parole in cause number 0229074 from the 297th Judicial District Court of Tarrant County.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.