**Ex parte Tony Ray SNOW.**

No. 72063.

Court of Criminal Appeals of Texas.

April 19, 1995.

Tony Ray Snow, pro se.

Tim Curry, Dist. Atty., and Betty Marshall, Charles M. Mallin & Steven M. Conder, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

### *OPINION*

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of felony driving while intoxicated. Punishment, enhanced by a prior conviction, was assessed at ten years in prison. No appeal was taken from this conviction.

Applicant contends that his parole on this conviction has been improperly revoked. The trial court has entered findings, supported by the record, that Applicant's parole was initially revoked because he was convicted of a new offense, but that revocation was modified to reflect that the parole had been withdrawn without prejudice, not revoked, when it was determined the new conviction was for an offense committed prior to Applicant's release on parole.

The record reflects that Applicant was first received at the Texas Department of Criminal Justice, Institutional Division, for this conviction on December 6, 1991, then released on parole March 11, 1992. He was

subsequently arrested and convicted for another DWI committed in Dallas County on November 9, 1989, for which guilt had originally been deferred. The new sentence was for five years, with no order that it be consecutive. The Board of Pardons and Paroles subsequently withdrew approval for this parole without prejudice and reinstated all of Applicant's previously forfeited good time credits. However, no hearing was conducted, Applicant has not been given credit for the period he was out of custody, from March 11, 1992 until September 29, 1992, and his eligibility for mandatory supervision is being computed according to this sentence, not for his new conviction.

■ A person released on parole has a significant interest in his continued liberty, entitling him to a limited right to due process and due course of law before that liberty is curtailed. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Ex parte Martinez*, 742 S.W.2d 289 (Tex.Cr.App. 1987). Such a liberty interest precludes the revocation of a conditional release unless the State establishes by a preponderance of the evidence that the prisoner was not eligible for release, that he obtained that release by a knowing and affirmative misrepresentation of facts, or that he has violated some condition of his release, *see Ex parte Williams*, 738 S.W.2d 257 (Tex.Cr.App.1987), and that such a violation occurred after his release. *Ex parte Hatcher*, 894 S.W.2d 364 (Tex.Cr.App. 1995).

■ In 1989 the Board of Pardons and Paroles adopted several administrative rules pertaining to the revocation of conditional releases, pursuant to Gov't.Code §§ 2001.001 et seq. and Article 42.18, § 15(a),[1] V.A.C.C.P. 37 TAC §§ 145.41 to 145.58. See 14 Tex. Reg. 3813. § 145.58 states that the Board in its discretion may withdraw a conditional release when the releasee has subsequently been convicted of a new offense committed prior to his conditional release. However, Art. 42.18, § 15(a) provided only that a conditional release may be revoked after a hearing at which the releasee is accused of a violation of his release, or when the releasee was

1. Now amended and renumbered as § 14(a).

ineligible for release. Article 42.18 does not authorize the Parole Board to withdraw a parole solely because the releasee was convicted of an offense committed prior to release. Consequently, § 145.58 is not authorized by statute, and effectively violates the releasee's constitutional right to due process and due course of law. The decision to withdraw Applicant's parole was not authorized.

■ Additionally, this decision is not rendered moot by Applicant's valid incarceration on his new conviction. The time Applicant has served both while on parole and after his incarceration applies toward his release from parole on this conviction unless this parole is later validly revoked. Article 42.18, § 15, V.A.C.C.P. His potential release on mandatory supervision must also be determined by his new, shorter, sentence. Article 42.18, § 8(c), V.A.C.C.P. Applicant is entitled to relief.

Relief is granted. The Texas Department of Criminal Justice, Institutional Division, shall amend its records to show Applicant is confined solely for his new conviction, and the Pardons and Parole Division shall reinstate Applicant's parole for all convictions obtained prior to his 1992 release on parole.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

McCORMICK, P.J., not participating.