**Ex parte Ervin Eugene MATHIS.**

No. 72097.

Court of Criminal Appeals of Texas.

May 31, 1995.

James L. Bruner, San Antonio, for appellant.

Steven Hilbig, Dist. Atty., and Angela Moore, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P. Applicant was convicted of unauthorized use of a vehicle and was sentenced to thirteen years of confinement. Applicant was paroled on this sentence in 1991 and returned to DeWitt County on a detainer. Applicant's probation was revoked in the DeWitt County case, and he was returned to the Texas Department of Criminal Justice, Institutional Division. Applicant claims he discharged his sentence in that DeWitt County case, but remained in custody under this Bexar County sentence. Applicant alleges there was no parole revocation hearing held for the Bexar County case, nor did he waive a hearing. Minutes of the Board of Pardons and Paroles introduced into evidence at the habeas corpus hearing show that in October 1992 the Board voided the parole certificate.

The trial court held an evidentiary hearing and found that Applicant's contentions are correct. The court concluded that Applicant's due process rights were not observed. We agree. See *Ex parte Snow*, 899 S.W.2d 201 (Tex.Cr.App.1995).

Relief is granted. The Texas Department of Criminal Justice, Pardons and Paroles Division, shall reinstate Applicant's parole for the Bexar County conviction in cause number 87CR4469.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.