IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20585
_____


JESSIE ELLISON,

                                        Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,
JOHN W. KYLE, JAMES A. LYNAUGH,
S.O. WOODS, JR., DAN SMITH,

                                        Respondents-Appellees.


----------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-93-1347

----------------------

November 2, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Jessie Ellison requests a certificate of probable cause

(CPC) to appeal the district court's dismissal of his petition

for habeas corpus.  He also appeals the district court's

dismissal as frivolous of his civil rights complaint.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Ellison's petition is more properly construed as a petition pursuant to 28 U.S.C. § 2241 rather than § 2254; however, construing the petition as pursuant to § 2241 has no practical effect in this case because briefing by the respondents is not appropriate and the district court's judgment may be affirmed without further proceedings. See United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992); Clark v. Williams, 693 F.2d 381, 381-82 (5th Cir. 1982)(summary disposition of an appeal).

Although § 2241 contains no explicit exhaustion requirement, this court has required a petitioner seeking relief under § 2241 first to exhaust his state remedies. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Picard v. Conner, 404 U.S. 270, 275 (1971). Ellison may challenge the revocation of his parole by filing a habeas corpus petition in the Court of Criminal Appeals, the highest state court for criminal matters. See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985). A similar challenge may be made with regard to the deprivation of "flat" and "good time" credits. See Ex Parte Hatcher, 894 S.W.2d 364 (Tex. Crim. App. 1995). The district court did not abuse its discretion by dismissing the § 2241 petition for failure to exhaust. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

Similarly, the district court did not abuse its discretion by dismissing Ellison's civil rights claim as frivolous under 28 U.S.C. § 1915(d). See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Claims alleging "harm caused by actions whose

unlawfulness would render a conviction or sentence invalid" cannot be brought under § 1983 unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 114 S. Ct. at 2372. Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed. <u>Id.</u> A claim involving a challenge to a parole proceeding is governed by <u>Heck</u>. <u>See</u> <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 160-61 (5th Cir. 1995). Because Ellison makes no showing that the actions he complains of have been reviewed or declared invalid by a state tribunal authorized to make such determination, the district court did not abuse its discretion when it dismissed the complaint under § 1915(d).

Ellison's motion for CPC is DENIED as unnecessary. The judgment of the district court is AFFIRMED. <u>See</u> <u>Clark</u>, 693 F.2d 382-82. Ellison's motion to affirm the district court's judgment and order is DENIED as unnecessary.