IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,961-02






EX PARTE REGINALD KEITH CONNALLY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W95-45897-I(A) IN THE CRIMINAL DISTRICT COURT NO. 2


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
cocaine and sentenced to twenty-five years' imprisonment. He was released to parole, which was
later revoked.

 Applicant contends, inter alia, that he was denied procedural due process in the revocation
of his parole. An offender released to parole has a significant interest in his continued liberty,
entitling him to a limited right to due process and due course of law before that liberty is curtailed.
Morrissey v. Brewer, 408 U.S. 471 (1972); Ex parte Snow, 899 S.W.2d 201, 202 (Tex. Crim. App.
1995).

 Applicant was informed of the specific allegations that he violated parole, he requested a
revocation hearing, it was held with him present, and the parole was eventually revoked upon
Applicant's admission that he committed a new offense. There is no record, however, that Applicant
was timely informed of the Board's decision to revoke his parole. Consequently, Applicant was not
able to request that the decision to revoke be reopened within 60 days of the date of revocation. The
trial court recommends that the writ application "be granted to the extent that [Applicant] be allowed
60 days to file a request to reopen the revocation decision." This Court agrees that limited relief
should be granted. 

 The Board of Pardons and Paroles shall provide Applicant with notice that his parole was
revoked, which notice shall include the revocation allegations and findings, so that Applicant may
request to reopen the revocation decision in accordance with the Board's rules. Applicant's
remaining claims lack merit and are denied.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: November 6, 2013

Do not publish