

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-79,961-02

### EX PARTE REGINALD KEITH CONNALLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W95-45897-I(A) IN THE CRIMINAL DISTRICT COURT NO. 2
### FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of cocaine and sentenced to twenty-five years' imprisonment. He was released to parole, which was later revoked.

Applicant contends, *inter alia*, that he was denied procedural due process in the revocation of his parole. An offender released to parole has a significant interest in his continued liberty, entitling him to a limited right to due process and due course of law before that liberty is curtailed. *Morrissey v. Brewer*, 408 U.S. 471 (1972); *Ex parte Snow*, 899 S.W.2d 201, 202 (Tex. Crim. App. 1995).

Applicant was informed of the specific allegations that he violated parole, he requested a revocation hearing, it was held with him present, and the parole was eventually revoked upon Applicant's admission that he committed a new offense. There is no record, however, that Applicant was timely informed of the Board's decision to revoke his parole. Consequently, Applicant was not able to request that the decision to revoke be reopened within 60 days of the date of revocation. The trial court recommends that the writ application "be granted to the extent that [Applicant] be allowed 60 days to file a request to reopen the revocation decision." This Court agrees that limited relief should be granted.

The Board of Pardons and Paroles shall provide Applicant with notice that his parole was revoked, which notice shall include the revocation allegations and findings, so that Applicant may request to reopen the revocation decision in accordance with the Board's rules. Applicant's remaining claims lack merit and are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 6, 2013
Do not publish