USCA1 Opinion

 

 May 21, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1017 EDWARD B. HAGER, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Robert E. McDaniel with whom Devine, Millimet & Branch, P.A. was __________________ ________________________________ on brief for petitioner. -1- 1 Peter E. Papps, United States Attorney, for respondent. ______________ ____________________ May 21, 1993 ____________________ BREYER, Chief Judge. In a hearing conducted on ____________ May 29, 1990, the appellant, Edward Hager, entered a plea of guilty to a charge of unlawfully importing four wild animal pelts from Mexico into the United States. 16 U.S.C. 3372(a)(2)(A) (prohibiting importation of wildlife taken or possessed in violation of foreign law), 3373(d)(1)(A) (setting criminal penalties for violation). Immediately after the hearing, the court sentenced Hager to serve one year of unsupervised probation and to pay a $75,000 fine. He did not appeal the court's judgment. On November 2, 1992, he asked the district court to issue a writ of coram nobis, setting aside his conviction. See 28 U.S.C. ___ 1651(a)("All Writs Act"); United States v. Morgan, 346 U.S. ______________ ______ 502, 512 (1954). The district court denied the petition for the writ. And, Hager appeals the court's decision. Hager makes one argument on this appeal. He points out that the district court, before accepting a guilty plea, must make certain that the defendant's "plea is voluntary." Fed. R. Crim. P. 11(d); see also North Carolina ___ ____ ______________ v. Alford, 400 U.S. 25, 31 (1970) (plea must be "voluntary ______ and intelligent choice among the alternative courses of action open to the defendant"). Hager says that, in his -3- 3 case, the district court failed to make this determination. The court asked him "Now, have there been any threats made by anyone against you, any member of your family, or anyone near and dear to you which compels you to offer a plea of guilty here this morning?" The appellant replied, "Only the threat to my health, sir." How, asks the appellant, could the district court know enough about the matter after this brief exchange to satisfy itself that the "threat" to his "health" was not so grave as to make his plea essentially involuntary? Unless there is a satisfactory answer to this question, he adds, his "guilty plea" proceeding was so seriously flawed as to warrant issuance of the coram nobis writ. The legal answer to appellant's question is that the writ of coram nobis is an unusual legal animal that courts will use to set aside a criminal judgment of conviction only "under circumstances compelling such action to achieve justice." See Morgan, 346 U.S. at 511. Those ___ ______ circumstances include an explanation of why a coram nobis petitioner did not earlier seek relief from the judgment, see United States v. Osser, 864 F.2d 1056, 1061-62 (3d Cir. ___ _____________ _____ 1988), Kiger v. United States, 315 F.2d 778, 779 (7th Cir.), _____ _____________ -4- 4 cert. denied, 375 U.S. 924 (1963); a showing that the _____________ petitioner continues to suffer significant collateral consequences from the judgment, see Morgan, 346 U.S. at 512- ___ ______ 13, Howard v. United States, 962 F.2d 651, 653 (7th Cir. ______ _____________ 1992); and a demonstration that an error of "the most fundamental character," relevant to the plea decision, occurred. See Morgan, 346 U.S. at 512. ___ ______ The appellant has neither explained why he did not pursue a timely appeal nor shown significant, continuing collateral consequences flowing from his conviction. And, he has conceded the following facts: (1) at the time of the plea hearing, the district court was aware of his medical problems, both from the record of earlier proceedings in the case prior to its transfer to New Hampshire and from appellant's own description of these problems, later in the course of the hearing; (2) when asked whether there was any reason why the court should not accept appellant's plea, appellant replied that there was not, see Key v. United ___ ___ ______ States, 806 F.2d 133, 136 (7th Cir. 1986) (defendant's ______ representations at plea hearing strong obstacle to successful collateral attack on conviction); (3) appellant's counsel, in response to the court's inquiry, stated his opinion that the plea was in the best interests of his -5- 5 client, see United States v. Guichard, 779 F.2d 1139, 1145 ___ _____________ ________ (5th Cir.), cert. denied, 475 U.S. 1127 (1986) (unless overt ____________ coercion alleged, counsel's opinion good evidence of voluntary and intelligent plea), citing United States v. ______ _____________ Araiza, 693 F.2d 382, 385 (5th Cir. 1982); and (4) the ______ government demonstrated at the coram nobis proceeding before the district court that, two months after entering his plea, appellant was well enough to travel to Africa to hunt wild animals. These facts, together, convince us that appellant's plea was not "involuntary;" that the court's failure to ask more health-related questions was not erroneous; and, certainly, that no error of a "fundamental character" occurred. See Morgan, 346 U.S. at 512; Fed. R. ___ ______ Crim. P. 11(h) (no redress for Rule 11 error which does not violate substantial rights); cf. United States v. Timmreck, ___ _____________ ________ 441 U.S. 780, 784 (1979) (to justify habeas relief, violation of Rule 11 must be "complete miscarriage of justice" or "omission inconsistent with the rudimentary demands of fair procedure," not just technical violation). The judgment of the district court denying the petition for a writ of coram nobis is Affirmed. ________ -6- 6