**Dung Anh TRAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 97–2153 (GG).**
**Criminal No. 84–177 (GG).**

United States District Court, D. Puerto Rico.

March 31, 1999.

158

Rachel Brill, Hato Rey, PR, for petitioner.

Guillermo Gil, U.S. Attorney, Joseph V. Hoffer, Assistant U.S. Attorney, Hato Rey, PR, for respondent.

## OPINION AND ORDER·

GIERBOLINI, Senior District Judge.

Pending before this court is Mr. Dung Anh Tran's "Petition for Writ of Error *Coram Nobis* or other relief under the All Writs Act" seeking to vacate and set aside his conviction in Criminal Case No. 84–177(GG) which he has already extinguished. (Docket entry # 1). Obviously, the government opposes. (Docket entry # 6).

## BACKGROUND

According to the allegations in the petition, Mr. Tran entered the United States in 1979 after escaping from Vietnam. In 1984, he was arrested, charged and pleaded guilty to one count of possession of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841. He was sentenced by this court to four years of imprisonment and three years of special parole. On February 13, 1985, while serving his sentence, he received an Order to Show Cause and Warrant of Arrest of Alien in Deportation Hearing. He contacted legal services for assistance, and "[a]s far as [he] knew, nothing more came of this matter". See, Petition, page 3, docket entry # 1. On March 28, 1996, petitioner reported to the INS office in Dallas, Texas where he presented a form entitled "Release of Immigration Detainee with Supervision to Follow." He was then told by Mr. Paul O'Daniel that there was no INS detainer for him on record. During 1986 he applied for a replacement of his "green card" which he had lost in Bolivia in 1984. In July, 1986 he received the replacement card. Petitioner completed his sentence on April 24, 1991. During 1995, Mr. Tran filed a citizenship application in which he fully disclosed his prior conviction. On December 1, 1995, during an interview at the INS, he learned that a final deportation order had been entered by a United States Immigration Judge back in 1987.

A year and a half later Mr. Tran filed the instant action requesting that his conviction be vacated on the grounds that it is marred with fundamental error and because justice so requires. Regarding the claim of fundamental error, petitioner's theory is based on the assertion that prior to pleading guilty he was informed by his trial counsel that the INS was not deporting people to Vietnam. This information later came to be incorrect. Petitioner claims that this misinformation by his trial counsel constitutes ineffective assistance of counsel because if he had known that he could face deportation as a result of pleading guilty he would not have relinquished his constitutional right to a trial and would not have pleaded guilty. Thus, that his guilty plea was not voluntary and warrants that it be vacated and set aside.

In compliance with our order, the government replied asserting that deportation is a collateral consequence of petitioner's conviction, that there was no ineffective assistance of counsel nor that the criminal sentence was illegal. In sum, that there is no basis for us to issue the writ because the error cited by the petitioner is not a fundamental error nor an error of fact in the trial court. Additionally, the government claims that petitioner had other legal alternatives available to avoid being deported, but that he waived them.

Clearly, Mr. Tran wishes to remain in the United States where he has lived for the past seventeen (17) years, where he has been working and where his sick wife and children live as well as his mother and siblings. However, he is unable to do so because of the impending deportation caused by his 1984 drug conviction. See, 8 U.S.C. § 1182(a). Certainly, if his conviction is vacated, the basis of the deportation order against him vanishes and the same becomes moot. This is precisely what Mr. Tran is seeking to accomplish by way of the instant petition.

## ALL WRITS ACT

The All Writs Act empowers district courts to issue all writs necessary in aid of their jurisdiction and agreeable to the usages and principles of law. 28

U.S.C. § 1651. The writ of error *coram nobis* and *audita querela* are two of such writs. See, *U.S. v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *U.S. v. Holder,* 936 F.2d 1 (1st Cir.1991). These writs were formally abolished in civil cases by Fed.R.Civ.Proc. 60(b). However, the All Writs Act has preserved them, thus making them available in very limited circumstances with respect to criminal convictions. *U.S. v. LaPlante,* 57 F.3d 252, 253 (2nd Cir.1995).

These writs have a historical meaning which must be respected and which cannot be obviated under the pallium of Section 1651. See, *U.S. v. Bush,* 888 F.2d 1145, 1146 (7th Cir.1989). Furthermore, we must keep in mind the ever present and dominant principle of our judicial system which promotes the finality of judgments and discourages its continual reexamination. With this in mind, modern courts have defined the scope and usage of these common law writs as follows.

■ Contrary to other district courts [1], the First Circuit has held that the writ of *audita querela* "does not and cannot, under any stretch of the imagination, provide a purely equitable basis for relief independent of any legal defect in the underlying judgment." *U.S. v. Holder,* 936 F.2d at 3 (citing *U.S. v. Ayala,* 894 F.2d 425, 429 (D.C.Cir.1990)). That is, that the writ "can only be available where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy." *Id.,* at 5.

■ As to the writ of *coram nobis,* "this writ came into being when appellate review was unavailable or severely limited in criminal cases, and when the writ of *habeas corpus* was available only to test the court's jurisdiction." *U.S. v. Bush,* 888 F.2d at 1147. In light of the existence of 28 U.S.C. §§ 2254 & 2255, collateral review of judgments is no longer so limited.

Therefore, contemporary *coram nobis* matters only when custody expires. *Id.* (citing *U.S. v. Morgan,* 346 U.S. at 512, 74 S.Ct. 247). Hence, the writ of *coram nobis* has been described and considered by courts as an "unusual legal animal that courts will use to set aside a criminal judgment of conviction only 'under circumstances compelling such action to achieve justice.'" *Hager v. U.S.,* 993 F.2d 4, 5 (1st Cir.1993) (citing *Morgan,* 346 U.S. at 511, 74 S.Ct. 247).

■ These compelling circumstances include:

> "1. an explanation of why the petitioner did not seek relief from the judgment at an earlier stage;
>
> 2. a showing that the petitioner continues to suffer significant collateral consequences from the judgment; and
>
> 3. a demonstration that an error of the most fundamental character, relevant to the plea decision, occurred, that is, such as rendered the proceeding itself irregular and invalid".

■ *See, Id.; U.S. v. Holder,* 936 F.2d 1, 2 n. 3 (1st Cir.1991) (quoting *U.S. v. Michaud,* 925 F.2d 37, 39 (1st Cir.1991)). For instance, the writ is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence in cases were continuing results of a conviction, such as heavier penalties for future convictions and effects on civil rights are at stake. *U.S. v. Michaud,* supra; *LaPlante,* 57 F.3d at 253 (citing *Morgan,* at 512–13, 74 S.Ct. 247).

■ In sum, these writs are available for the courts "to cure the freakish case rather than a readily available remedy to cure the mundane" because "vacation of a longstanding judgment [should] be a jealously guarded exception" rather than the general rule. *U.S. v. Holder,* 936 F.2d at 6 (quoting *U.S. v. Salgado,* 692 F.Supp. 1265, 1267 (E.D.Wash.1988)).

**1.** *U.S. v. Grajeda–Perez,* 727 F.Supp. 1374 (E.D.Wash.1989); *U.S. v. Ghebreziabher,* 701 F.Supp. 115 (E.D.La.1988); *U.S. v. Salgado,* 692 F.Supp. 1265 (E.D.Wash.1988).

■ Having carefully examined the record before us and the parties' arguments in light of the applicable law and jurisprudence, we conclude that Mr. Tran's request must be denied because this case falls short of the category of a freakish case warranting the setting aside of a valid and longstanding judgment.

First of all, neither the writ of *audita querela* nor of *coram nobis* is available to the petitioner since he had available other legal mechanisms to address the predicament in which he finds himself now. For instance, by receiving the "Order to Show Cause and Warrant of Arrest of Alien in Deportation", he became aware and was put under notice that the information given by his trial counsel, regarding INS' alleged practice of not deporting people to Vietnam, was not correct. At that moment he was still under custody serving his criminal sentence. Thus, he could have resorted to 28 U.S.C. § 2255 to attack his conviction under the theory espoused in the present petition.

On the other hand, Section 1252(b)(1) of Title 8 of U.S.C. provides in its pertinent part that the alien shall be given notice of the nature of the charges against him and of the time and place at which the proceedings will be held.[2] In light of § 1252(b)(1), Mr. Tran's assertion that there was no indication in the order to show cause that he needed to contact the immigration judge and that there was no hearing date set, is unconvincing. Even more so in view of the fact that he has not provided a copy of said order to show cause. Hence, petitioner should have been more diligent in the prosecution of the impending deportation proceeding.

Even assuming *arguendo* that in fact Mr. Tran had not been duly notified of the deportation hearing date, when he found out about the existence of the order in 1995, he should have sought then to reopen the deportation proceedings and claim a violation of his due process right under the Fifth Amendment of the U.S. Constitution[3] and have the order vacated. Also he could have requested a waiver of excludability, pursuant to Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).[4] However, there is no indication on the record that he took advantage of any of these available courses of action. On the contrary, he waited one and a half years to file a writ of *coram nobis* attacking his criminal conviction.

To make matters even worst for petitioner's position, the fact that he filed the instant action one and a half years after learning of the existence of the deportation order clearly militates against him for we find difficulty countenancing such a lengthy delay. In short, Mr. Tran has not given a reasonable explanation nor have we been able to find one in the record before us, as to why he did not seek earlier relief from either his criminal conviction or

2. This is the language of the provision that was in force at the time petitioner was notified of the deportation proceedings.

3. See, 8 U.S.C. § 1252 et. seq.; *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993) ("holding that the Fifth Amendment entitles aliens to due process of law in deportation proceedings"); *Choeum v. I.N.S.*, 129 F.3d 29, 38–39 (1st Cir.1997) ("At the core of these due process rights is the right to notice of the nature of the charges and a meaningful opportunity to be heard").

4. A waiver of excludability is a discretionary relief available to aliens who have not left the country but who become subject to deportation as a result of a criminal conviction, for instance, of a drug offense, by which the alien may request not to be deported. This relief is. *Henry v. I.N.S.*, 74 F.3d 1, 3 (1st Cir.1996); *U.S. v. Vieira–Candelario*, 6 F.3d 12, 13 (1st Cir.1993). Factors supporting a waiver include such things as (1) family ties within the United States; (2) residence of long duration in the United States; (3) evidence of hardship to petitioner or petitioner's family if deportation occurs; (4) a steady employment history; (5) the existence of property or business ties in this country; (6) community service; (7) rehabilitation; and (8) any other evidence indicating petitioner's good character. See, *Gouveia v. I.N.S.*, 980 F.2d 814 816 (1st Cir. 1992).

the deportation order. Therefore, he has failed to establish the existence of one of the circumstances that would compel a court to issue a writ of *coram nobis.* See, *Hager v. U.S.,* 993 F.2d at 5 (1st Cir.1993).

Notwithstanding the above, let us continue with our analysis. Deportation is a collateral consequence of the criminal proceeding. *U.S. v. Quin,* 836 F.2d 654, 655 (1st Cir.1988). Thus, it is obvious that petitioner is still suffering significant collateral consequences from his criminal conviction.[5] Nevertheless, Mr. Tran has failed to establish the existence of an error of the most fundamental character. Petitioner claims he is entitled to the issuance of a writ and to the vacation of his criminal conviction because his guilty plea was involuntary since it was founded on misinformation of his trial counsel regarding his deportation. That is, that the plea was marred with fundamental error because he was deprived of the effective assistance of counsel. This argument lacks merit.

"When a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Santos v. Kolb,* 880 F.2d 941, 944–45 (7th Cir.1989) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). That is what the Sixth Amendment requires. Therefore, a plea based on competent, good faith advice which later turns out to be incorrect is voluntary and intelligent and does not warrant to be vacated. See, *Downs–Morgan v. U.S.,* 765 F.2d 1534, 1539 n. 11. This is precisely the situation in this case.

Before pleading guilty, petitioner sought the advice of his trial counsel regarding the possibility of being deported. In attention to Mr. Tran's request for advise, his trial counsel, Mr. Allen Ellis, contacted the INS by telephone and spoke to an officer who informed him that the INS did not deport people to Vietnam. Based on said conversation, he advised Mr. Tran that he could not be deported if he pleaded guilty. See, Affidavit of Mr. Ellis, Exhibit 1 of the Petition, docket entry # 1. His advised to petitioner was not based on a shortcoming on his part but on information given by an officer of the INS which later turned out to be erroneous. Under these circumstances, it is unquestionable that counsel Ellis did not incur in any violation of the Sixth Amendment. In conclusion, petitioner has not established the existence of an error of a fundamental character warranting the issuance of a writ to vacate his criminal conviction.

**WHEREFORE,** for the reasons herein stated, this action is **DISMISSED.** Judgment shall be entered accordingly.

**SO ORDERED.**

---

5. Admittedly, deportation is a serious matter and a harsh consequence of a guilty plea.

*U.S. v. Quin,* 836 F.2d at 656.