**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1825

FRANK IGWEBUIKE ENWONWU,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Torruella, Lynch, and Howard, Circuit Judges.

Frank Igwebuike Enwonwu, on brief pro se.
Dana Gershengorn, Assistant United States Attorney, and
Michael J. Sullivan, United States Attorney, on Motion for Summary
Disposition.

September 26, 2006

**Per Curiam**. Frank I. Enwonwu, an alien who was convicted of drug trafficking in 1986 and faces deportation on that ground,[1] sought relief from that conviction by petitioning for a writ of coram nobis.[2] On the government's motion, the district court denied the petition, and Enwonwu has appealed that denial to this court. After Enwonwu filed his appellate brief, the government moved for summary affirmance under 1st Cir. R. 27(c). For the reasons detailed below, we grant that motion and affirm the district court's judgment.

Since the district court did not set forth its reasons for denying the petition, "we may affirm based on any dispositive issue that is both readily evident and sufficiently supported by the record." In re Pub. Offering PLE Antitrust Litig., 427 F.3d 49, 52 (1st Cir. 2005). We by-pass the threshold argument raised by the government concerning the timeliness of the petition, which turns on disputed facts not resolved by the district court, and proceed to consider whether the petition states a claim for coram nobis relief. To the extent that the district court denied the

---

[1]For background on the deportation proceedings, see Enwonwu v. Gonzales, 438 F.3d 22 (1st Cir. 2006). Those proceedings are still ongoing as a result of this court's remand of Enwonwu's claim for relief under the Convention Against Torture to the Board of Immigration Appeals for further consideration. Id. at 35.

[2]Alternatively, Enwonwu sought relief under Fed. R. Civ. P. 60(b), which applies only to civil cases, Fed. R. Civ. P. 1, and therefore cannot serve as a means of seeking relief from a criminal conviction.

petition on that ground, our review of that denial is de novo. United States v. Sawyer, 239 F.3d 31, 35 (1st Cir. 2001).

Assuming, without deciding, that coram nobis relief is available to correct legal, as opposed to factual, errors, see id. at 38 (citing Supreme Court dicta to the contrary but finding it unnecessary to decide that issue), this "'extraordinary remedy' [is] allowed 'only under circumstances compelling such action to achieve justice,'" id. (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)). Indeed, given the other statutory remedies available in criminal cases, the Supreme Court found it "difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996). Accordingly, to invoke the writ to vacate a conviction based on a guilty plea, as Enwonwu seeks to do here, the petitioner must "demonstrat[e] that an error of 'the most fundamental character,' relevant to the plea decision, occurred." Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993) (quoting Morgan, 346 U.S. at 512).

Here, the only error Enwonwu relies upon is the purported ineffectiveness of his trial counsel. This run-of-the-mill ground for collaterally attacking a conviction, even if meritorious, is hardly so extraordinary as to warrant coram nobis relief. Indeed, it is doubtful that Enwonwu's primary claim--that his counsel was ineffective in failing to advise him of the deportation

consequences of his plea--constitutes error at all, see United States v. Gonzales, 202 F.3d 20, 25 (1st Cir. 2000), much less "error of the most fundamental character" necessary to warrant such relief.[3]

Affirmed.

---

[3]Given this conclusion, we need not address the other two prerequisites for coram nobis relief: justification for failure to seek relief from his conviction earlier and demonstration of continuing collateral consequences of the conviction. Sawyer, 239 F.3d at 38.