RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0273p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 14-1516

*v.*

MARY WATERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:09-cr-20295-3—Marianne O. Battani, District Judge.

Decided and Filed: October 31, 2014

Before: BOGGS, ROGERS, and SUTTON, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** David A. Gardey, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. Mary D. Waters, Detroit, Michigan, pro se.

_____

**ORDER**

_____

Mary Waters, a federal misdemeanant, appeals pro se a district court order denying her petition for a writ of error *coram nobis*. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Waters is a former Michigan state legislator who became involved in a corruption probe involving her then-live-in companion, political consultant Sam Riddle. Pursuant to a negotiated

1

plea agreement, Waters pleaded guilty to filing a fraudulent tax return in violation of 26 U.S.C. § 7207.  The district court sentenced her to a year's probation on the misdemeanor charge, in accordance with the parties' plea agreement.  Eight days later, Waters moved pro se to withdraw her guilty plea.  The district court denied that motion, and this court affirmed that judgment. *United States v. Waters*, No. 10-2421 (6th Cir. Sep. 21, 2011).  Thereafter, this court affirmed Waters's conviction and sentence.  *United States v. Waters*, No. 11-2171 (6th Cir. June 14, 2012).

More than three years after she was sentenced, Waters petitioned for a writ of error *coram nobis*, claiming that her attorney was constitutionally ineffective.  Waters claimed that her attorney promised that her misdemeanor conviction could "easily" be expunged, and that her attorney failed to represent her vigorously at sentencing because he had a conflict of interest arising from his simultaneous representation of Riddle.

The district court determined that a writ of error coram nobis was inappropriate and denied the petition.  Waters appeals.

"*Coram nobis* is an extraordinary writ that may be used to 'vacate a federal sentence or conviction when a [28 U.S.C.] § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer in custody.'"  *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (quoting *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996)).  The writ is so extraordinary that it is used only in "circumstances *compelling* such action to achieve justice."  *United States v. Morgan*, 346 U.S. 502, 511 (1954) (emphasis added).  As the district court reasoned, *coram nobis* is not warranted here because Waters has not shown that she is subject to an ongoing civil disability.

The support for the ongoing disability requirement is found in the history of the writ and in the underlying considerations regarding finality, as explained thoroughly in opinions by Judge Easterbrook in two Seventh Circuit cases.  *See United States v. Bush*, 888 F.2d 1145, 1146–47 (7th Cir. 1989); *United States v. Keane*, 852 F.2d 199, 202–03 (7th Cir. 1988).  That reasoning need not be rehearsed here.  As we explained in *Blanton*, 94 F.3d at 233, a case in which we did not reach the issue, the requirement has accordingly been applied in most other circuits, including in a decision by then-Chief-Judge Breyer.  *Id.* (citing *Hager v. United States*, 993 F.2d

4, 5 (1st Cir. 1993) (Breyer, C.J.); *Nicks v. United States*, 995 F.2d 161, 167 (2d Cir. 1992); *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *United States v. Osser*, 864 F.2d 1056, 1059–60 (3d Cir. 1988); *United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992); *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989); *Stewart v. United States*, 446 F.2d 42, 43–44 (8th Cir. 1971)).  It is true that the Ninth Circuit, relying on the criteria for whether a case is moot, has declined to require an ongoing civil disability in *coram nobis* cases. *Hirabayashi v. United States*, 828 F.2d 591, 606 (9th Cir. 1987).  But the mootness criteria cannot be the standard for whether to apply a doctrine based in large part on finality concerns. Indeed, most finally decided cases are not moot in the sense that at least some relief could be awarded if they were reopened.

The district court properly found that Waters has not met the requirement of alleging an ongoing civil disability.  At most she has alleged an injury to reputation, but this is not enough to warrant *coram nobis*.  *See Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998); *Bush*, 888 F.2d at 1148; *Osser*, 864 F.2d at 1060.  Moreover, although Waters claims that her ability to travel outside the United States has been impaired, she has not shown how this is the case.

The judgment of the district court is affirmed.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk