[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11588
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-04135-MHC

JEANETTE GUILLERMO BEY,
TEMPLE OF CONSCIOUSNESS BEY,

                                        Plaintiffs-Appellants,

versus

CARRINGTON MORTGAGE SERVICES, LLC,
(as a collective),
CARRINGTON MORTGAGE SERVICES, LLC,
CARRINGTON HOLDING COMPANY, LLC,
BRUCE ROSE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 18, 2020)

Before JILL PRYOR, BRANCH and GRANT, Circuit Judges.

PER CURIAM:

Jeanette Bey, proceeding *pro se,* appeals the district court's order denying her motions for reconsideration. On appeal, Bey argues that the district court abused its discretion in denying the motions and should reconsider its prior orders of dismissal and denial. After careful review, we affirm.[1]

In September 2014, Bank of America ("BOA") foreclosed a property owned by Bey. About one year later, BOA filed a dispossessory action in Georgia state court against Bey and all other occupants of the property. The state court entered judgment in BOA's favor, granting BOA a writ of possession and concluding that it was the legal titleholder of the property. After the state court entered its judgment, Bey filed a complaint in the United States District Court for Northern District of Georgia against Carrington Mortgage Services, LLC, Carrington Mortgage Holdings, LLC, Carrington Holding Company, LLC, and a Carrington

---

[1] Bey also appealed on the behalf of the Temple of Consciousness Bey. We ordered that, within 30 days, Bey either obtain counsel for the Temple or show cause why the Temple need not be represented by counsel. Bey filed a "extraordinary master writ coram nobis resident" in response, seemingly taking the second option. The writ argued that the Temple should enjoy "immunity from . . . corporation requirement of attorney at law" because Bey herself is a "lawfully entitled ward," 11th Cir. Doc. 14 at 8, and the Temple's charter expressly prohibits attorney representation. Upon review of the filing, we conclude that it fails to establish that the Temple should be excused from the general rules that a *pro se* party can only plead or conduct her own case personally, and that an artificial entity cannot appear without counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally . . . ."); *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). We therefore dismiss the Temple from this appeal.

executive, alleging that the dispossessory action violated the Fair Debt Collection Practices Act, Georgia's constitution, and the United States Constitution.  Bey then moved for injunctive relief "to cease all dispossessory action associated with [the property] and otherwise allowed by Writ of Possession."  Doc. 13 at 6.[2]

The motion was referred to a magistrate judge, who issued a Report and Recommendation ("R&R").  The R&R recommended that the motion for injunctive relief be denied and that Bey's complaint be dismissed because injunctive relief claims against state court eviction proceedings are barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  The R&R further noted under the *Rooker-Feldman*[3] doctrine, the court lacked subject matter jurisdiction over Bey's claims because setting aside BOA's writ of possession and enjoining Bey's eviction—the relief sought by Bey's complaint—would undermine the state court's judgment.

Before the district court could address the R&R, Bey objected to the magistrate judge's R&R, moved to add BOA as an additional defendant, and sought to strike her prior motions for an injunction.  Over Bey's objections, the district court adopted the R&R, rejecting Bey's argument that Bey was merely

---

[2] "Doc. #" refers to the numbered entry on the district court's docket.

[3] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

attacking the state court's judgment collaterally, not appealing it. The court also noted that amendment of the complaint to add BOA as a defendant would be futile due to the court's lack of subject matter jurisdiction. The court entered judgment in the defendants' favor.

Two years later, Bey filed a motion for relief from the dismissal order under Federal Rule of Civil Procedure 60(b)(6). The district court denied the motion, concluding that Bey had not established "exceptional circumstances" as required by Rule 60(b)(6) and, moreover, the motion had not been made "within a reasonable time." The court further noted that to the extent Bey sought to set aside a void judgment under Rule 60(b)(4), she failed to demonstrate any reason to disturb the court's prior ruling that the action was barred by the *Rooker-Feldman* doctrine.

Approximately one year later, Bey again sought to add additional defendants to her complaint and requested leave to amend her prior motion for relief from the dismissal order. Construing each request as a motion for reconsideration, the court concluded that no grounds existed for reconsideration of its prior dismissal orders and denied Bey's requests. This appeal followed.

This Court reviews the denial of a motion for reconsideration for an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d

4

800, 806 (11th Cir. 1993). "A District Court abuses its discretion when it applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir. 2014) (quotation marks omitted).

The district court did not abuse its discretion in denying Bey's motions for reconsideration because (1) Bey failed to demonstrate why the *Rooker-Feldman* doctrine should not apply to this action, and (2) the motions failed to identify newly discovered evidence, manifest errors of law or fact, or any other ground for relief under Rule 60(b).

Under the *Rooker-Feldman* doctrine, lower federal courts generally lack subject matter jurisdiction to review state court judgments. *Siegel v. LePore,* 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc). The doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Bey continues to seek relief from the state court judgment; nothing in her various motions and proposed amendments changed this fact. Because Bey seeks to overturn the state court judgment, the district court was without subject matter jurisdiction under the

5

*Rooker-Feldman* doctrine and did not abuse its discretion in denying her motions for reconsideration on that basis.

Alternatively, the district court did not abuse its discretion because Bey failed to satisfy the requirements of Rule 60(b).[4]  A Rule 60(b) motion can be granted for (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence that could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, reversed, or vacated, or that is no longer equitable when applied prospectively; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Such motions "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(l).

"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson,* 598 F.3d 734, 740 (11th Cir. 2010) (quotation marks omitted). A party moving for reconsideration must show "extraordinary

---

[4] A motion for reconsideration made after final judgment falls within the ambit of either [Federal Rule of Civil Procedure] 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." *Region 8,* 993 F.2d at 806 n.5.  Bey's motions could not be construed as Rule 59 motions, however, because they were filed more than 28 days after the entry of the judgment.  *See* Fed. R. Civ. P. 59(e); *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007).

circumstances justifying the reopening of a final judgment." *MG. v. St. Lucie Cty. Sch. Bd,* 741 F.3d 1260, 1262 (11th Cir. 2014) (quotation marks omitted).

In addition to being untimely, Bey's motions for reconsideration failed to identify newly discovered evidence, manifest errors of law or fact, or any other ground for relief as required by Rule 60(b).  *See* Fed. R. Civ. P. 60(b), (c)(1); *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007).  Thus, the district court did not abuse its discretion by denying the motions.[5]

## CONCLUSION

For the reasons set forth above, we dismiss the Temple from this appeal and affirm the district court's denial of Bey's motions for reconsideration.

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[5] While this appeal was pending, Bey filed a motion for "extraordinary writ of correction presenting motions" and a motion for "furthermore amendment/supplement to extraordinary writ quae coram nobis resident," which concern whether Bey can proceed with this appeal on the Temple's behalf.  App. Docs. 22, 23.  Because she cannot as discussed above, we deny these motions.