[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13130
_____

Docket No. 2:12-cv-14328-KMM

M.G.,
As Legal Guardian of A.B., a minor,

Plaintiff-Appellant,

versus

ST. LUCIE COUNTY SCHOOL BOARD,
A political entity or subdivision of the State of Florida,
MICHAEL LANNON,
Superintendent, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 4, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

M.G., as guardian for her minor daughter, A.B., appeals the district court's denial of her motions (1) for reconsideration of the district court's dismissal with prejudice of her complaint and (2) for leave to amend her complaint. No reversible error has been shown; we affirm.

M.G. filed a civil suit against the St. Lucie County School Board and various School Board employees ("Defendants"), asserting claims for violations of the Equal Protection Clause, the Americans with Disabilities Act, and 29 U.S.C. § 794; failure to train under 42 U.S.C. § 1983; intentional infliction of emotional distress; negligence; and negligent infliction of emotional distress. In her complaint, M.G. alleges that her teenage daughter -- who suffers from severe emotional, mental and physical disabilities -- was sexually assaulted by another student while in Defendants' custody.

On 27 February 2013, the district court dismissed M.G.'s complaint without prejudice for failure to state a claim but granted M.G. leave to file an amended complaint. M.G. then filed an amended complaint, which the district court described as being "essentially identical" to her initial complaint. Concluding that M.G.'s amended complaint again failed to state a plausible claim for relief, the district court dismissed it with prejudice.

Thereafter, M.G. filed motions for partial reconsideration, pursuant to Fed.R.Civ.P. 60(b), and for leave to amend again her complaint in the light of newly discovered evidence.[1]  In her motion for partial reconsideration, M.G. sought only to have the district court amend its order to dismiss her complaint without prejudice so that she could file a second amended complaint.  The district court denied both motions.

On appeal, M.G. challenges the district court's denial of her motions for partial reconsideration and for leave to amend.[2]  We review a district court's denial of a Rule 60(b) motion for abuse of discretion.  Willard v. Fairfield S. Co., 472 F.3d 817, 821 (11th Cir. 2006).  Under Rule 60(b), relief from final judgment may be granted based on, among other things, "newly discovered evidence" that could not have been discovered earlier with reasonable diligence or "any other reason" justifying relief.  Fed.R.Civ.P. 60(b).  "[M]ovants for reconsideration must show 'extraordinary circumstances justifying the reopening of a final judgment.'"  FTC v. Abbvie Prods., LLC, 713 F.3d 54, 65 (11th Cir. 2013).

M.G. based her motion for partial reconsideration on purported "newly discovered evidence" that, with reasonable diligence, could not have been

---

[1] M.G., in the district court, also argued that her motion for partial reconsideration should be granted based on a change in controlling law.  Because she does not raise that argument on appeal, it is abandoned.  See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

[2] M.G. does not challenge the district court's dismissal of her amended complaint for failure to state a claim.

discovered before her amended complaint was dismissed. This "new" evidence consisted of a letter written by M.G. to which she attached three police reports and an arrest affidavit. In her undated letter, M.G. explains that, since the initial complained-of sexual assault, A.B. was transferred to a different and more "hostile" school, was sexually assaulted again while in Defendants' custody, and suffered a "mental breakdown." The first police report and accompanying arrest affidavit indicate that, in December 2012, a fellow student made sexual advances toward A.B. and exposed himself to her. On the same day -- as documented by a second police report -- A.B. reported being depressed and having thoughts about hurting herself and was placed under psychiatric care. The third police report documents a police investigation -- initiated on 8 February 2013 -- into M.G.'s allegation that A.B. was forced to perform oral sex on another student while on school grounds. The police concluded ultimately that no probable cause existed for an arrest.

"[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the [case]." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). M.G. has failed to demonstrate that the substantive information contained in the documents upon which she relies was unavailable earlier. M.G.'s letter, the three police reports,

4

and the arrest affidavit all concern incidents that happened -- and of which M.G. was aware -- <u>before</u> M.G.'s initial complaint was dismissed.  Nothing evidences that these police reports -- or at least the information contained in the police reports -- could not have been discovered earlier with reasonable diligence.  Thus, M.G. has failed to demonstrate the existence of "newly discovered evidence" warranting the district court's reconsideration.

M.G. also contends that -- because she amended her complaint only once "as a matter of course," and because the district court failed to find that another amendment would be futile or result in undue delay or prejudice -- the district court abused its discretion in dismissing her complaint with prejudice.  M.G. argues that the district court should now be ordered to amend its dismissal to be without prejudice and to grant M.G. leave to file a second amended complaint.

Contrary to M.G.'s assertion, she did not file her first amended complaint "as a matter of course" under Fed.R.Civ.P. 15(a)(1).  Instead, she filed her amended complaint after the district court dismissed her initial complaint and granted her leave to amend.  This case is not one where the district court "outright refus[ed]" to grant leave to amend.  <u>Cf. Foman v. Davis</u>, 83 S.Ct. 227, 230 (1962) (explaining that a district court abuses its discretion when it "outright refus[es] to grant the leave [to amend] without any justifying reason").

5

M.G.'s first amended complaint failed entirely to correct the deficiencies identified by the district court when it dismissed M.G.'s initial complaint. Although M.G. contends that she should be permitted to amend her complaint a second time to correct the deficiencies and incorporate her "newly discovered evidence," nothing evidences that M.G. can state a plausible claim for relief against Defendants. Because M.G. failed to demonstrate "extraordinary circumstances" warranting the reopening of the final judgment, the district court abused no discretion in denying her motion for partial reconsideration.

Having denied properly M.G.'s motion for partial reconsideration, the district court abused no discretion in denying M.G.'s motion for leave to amend her complaint. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004).

AFFIRMED.