[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10034
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03007-WSD

LLOYD STREATER,

Petitioner-Appellant,

versus

WARDEN, USP ATLANTA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Lloyd Streater, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and the denial of his motion for reconsideration of that dismissal. For the reasons that follow, we dismiss in part and affirm in part.

In August 2012, Streater filed a § 2241 petition,[1] arguing, in pertinent part, that because the jury in his criminal trial never made a finding of drug quantity, his total 480-month sentence exceeded the applicable statutory maximum under 21 U.S.C. § 841(b)(1)(c). As such, his sentences violated the Fifth and Sixth Amendments, as well as the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

The government moved to dismiss the petition on the basis that Streater did not qualify for the savings clause in 28 U.S.C. § 2255(e), and thus could not proceed under § 2241. A magistrate judge recommended granting the motion to dismiss because none of Streater's arguments "rest[ed] upon a circuit law-busting, retroactively applicable Supreme Court decision," and Streater could, and did, raise

---

[1] Following a jury trial in Connecticut, Streater was convicted and sentenced to a total 480-month term of imprisonment for conspiracy to possess with intent to distribute cocaine and crack cocaine and possession with intent to distribute cocaine. In 2002, the Second Circuit affirmed his convictions and sentences. Through counsel, Streater unsuccessfully sought relief in a 28 U.S.C. § 2255 motion. Because Streater is currently incarcerated in Atlanta, this is the proper venue for his § 2241 petition.

the same claims in his unsuccessful § 2255 motion.  On August 19, 2013, the district court overruled Streater's objections, adopted the magistrate judge's report and recommendation, and dismissed his § 2241 petition.

Streater then submitted a filing titled, "Motion for Re-Consideration Informal Brief *Pro Se* Review," which he signed on September 19, 2013.  He asserted that the district court overlooked his argument that his sentence exceeded the applicable statutory maximum.  The district court construed Streater's filing as a motion for relief under Fed.R.Civ.P. 60(b), and denied him relief on December 17, 2003.  That same day, Streater filed a notice of appeal from the "final order entered in this action on the 17th day of December 2013."

On appeal, Streater argues that the Second Circuit wrongly applied plain-error review in his direct appeal and his appeal from his § 2255 motion. Additionally, he maintains that he is entitled to relief under § 2241 because he was sentenced in excess of the statutory maximum.

As an initial matter, we must determine the scope of our review in the instant appeal.  *See Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil action is a jurisdictional requirement, and we may not entertain an appeal that is out of time). Streater filed his notice of appeal more than 60 days after the district court's entry of the August 19, 2013 order denying his § 2241 petition.  *See*

3

Fed.R.App.P.4(a)(1)(B).  Additionally, Streater's motion for reconsideration, signed on September 19, 2013, did not toll the time for filing the notice of appeal because his motion was filed more than 28 days after the district court denied his underlying § 2241 petition.  *See* Fed.R.App.P. 4(a)(4)(A) (iv) & (vi) (explaining that the time period for filing a notice of appeal may be tolled by the filing of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) or for relief under Rule 60 if the motion is filed within 28 days of the entry of judgment).

Therefore, the instant appeal is untimely as to the underlying order denying Streater's § 2241 petition.  Moreover, review of the denial of Streater's motion for reconsideration does not give us authority to review the denial of his § 2241 petition.  *See Rice v. Ford Motor Co.*, 88 F.3d 914, 918-19 (11th Cir. 1996) (generally, our review of an order denying a motion for reconsideration is limited to the denial of the motion for reconsideration, not the underlying judgment itself).  Thus, to the extent that Streater appeals from the dismissal of his § 2241 petition, his appeal is dismissed for lack of jurisdiction.

Streater's notice of appeal, however, was timely as to the district court's denial of his motion for reconsideration.  We review a district court's denial of a Rule 60(b) motion for abuse of discretion.  *M.G. v. St. Lucie Cnty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014).  Under Rule 60(b), relief from final judgment may be granted based on, among other things, "newly discovered evidence" that

4

could not have been discovered earlier with reasonable diligence or "any other reason" justifying relief.  Fed.R.Civ.P. 60(b).

To succeed on appeal, Streater "must demonstrate a justification so compelling that the district court was required to vacate its order."  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation and alteration marks omitted). Streater fails to do so.  Instead he reiterates that he was sentenced in excess of the applicable statutory maximum, the same argument he unsuccessfully raised in his direct appeal and § 2255 motion.  Accordingly, the district court did not abuse its discretion in denying Streater's motion for reconsideration.

**DISMISSED IN PART; AFFIRMED IN PART.**