[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15196
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-25365-CMA

CATALYST PHARMACEUTICALS, INC.,

Plaintiff - Appellant,

versus

JAMES FULLERTON,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2018)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Catalyst Pharmaceuticals, Inc. ("Catalyst") appeals the district court's ruling that it lacked personal jurisdiction over James Fullerton, as well as the resulting dismissal of its lawsuit against him. Upon careful consideration of the arguments of the parties, we affirm.

I.

Catalyst sued Fullerton, alleging posts he made about Catalyst on a Yahoo Finance Message Board were defamatory. Catalyst is a Delaware corporation with its principal place of business in Florida. Fullerton made his posts about Catalyst in Houston, Texas, where he lived.

Catalyst filed suit in state court in Florida, and Fullerton removed the case to federal court. Fullerton then moved to dismiss for lack of personal jurisdiction. The district court denied his motion without prejudice so the parties could undertake jurisdictional discovery. After conducting that discovery, Fullerton renewed his motion to dismiss. In pertinent part, Fullerton argued that Catalyst's complaint did not allege facts sufficient to show that a third party in Florida accessed his posts.

Twelve days later, Catalyst amended its complaint. In the amended complaint, Catalyst alleged that Fullerton used a pseudonym, bigredwf, to post "hundreds of disparaging and defamatory Statements [on the Message Board] about Catalyst and its executives in Florida." Catalyst also asserted that "Fullerton

published such false and defamatory Statements in Florida to Catalyst and to third parties in Florida via [the Message Board]." And Catalyst alleged that "[t]he Statements were accessed by Catalyst and others in Florida." But Catalyst provided no further details about the third parties who it claimed to have accessed these statements.

Fullerton then filed another motion to dismiss for lack of personal jurisdiction. In this motion, he again argued that Catalyst failed to include sufficient facts that a third party in Florida accessed his posts. Catalyst's response included a declaration from Philip B. Schwartz, an attorney who worked at the law firm representing Catalyst in this case. In his declaration, Schwartz wrote that he accessed Fullerton's posts while in Florida and that he was "aware" of unnamed others who had as well. The declaration did not specify when Schwartz or the unidentified others accessed the posts. The district court granted Fullerton's motion to dismiss, finding that Catalyst failed to allege sufficient facts to establish personal jurisdiction under Florida law.

Catalyst filed a motion to reconsider, which included a more detailed declaration from Schwartz and declarations from three Catalyst shareholders, all saying they had accessed Fullerton's posts on the Message Board. The district court denied Catalyst's reconsideration motion.

This appeal followed.

3

II.

We review de novo dismissals for lack of personal jurisdiction. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006).

To establish personal jurisdiction over a nonresident defendant, a plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013) (quotation omitted). Vague and conclusory allegations do not satisfy this burden. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006). Rather, a plaintiff must "present enough evidence to withstand a motion for directed verdict." Stubbs, 447 F.3d at 1360 (quotation omitted). A directed verdict is appropriate where "viewing the evidence in its entirety and drawing all reasonable inferences in favor of the nonmoving party," "the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Smith v. United States, 894 F.2d 1549, 1552 (11th Cir. 1990).

For a federal court sitting in diversity, the law of the state in which it sits must authorize jurisdiction over the nonresident defendant. Stubbs, 447 F.3d at 1360. In this case, we look to Florida Statute § 48.193, known as Florida's long-arm statute. See Louis Vuitton, 736 F.3d at 1350, 1352. "The reach of Florida's

long-arm statute is a question of Florida law." Id. at 1352.  We must apply the long-arm statute "as would the Florida Supreme Court" and the Florida District Courts of Appeal, "absent some indication that the Florida Supreme Court would hold otherwise." Id. (quotation omitted).  Florida's long-arm statute provides that a nonresident "submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from . . . [c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2).

## III.

Catalyst's amended complaint made a single claim against Fullerton: defamation under Florida law.  And Catalyst points to Florida's long-arm statute § 48.193(1)(a)(2) as its sole basis for personal jurisdiction over Fullerton.  Thus, we must examine whether Catalyst pled sufficient facts to make out a prima facie case of a "tortious act [of Florida defamation] within" Florida.  See Fla. Stat. § 48.193(1)(a)(2); see also Louis Vuitton, 736 F.3d at 1352–54; Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1295–96 (11th Cir. 2009) (per curiam).

Catalyst failed to meet its burden.   A party asserting jurisdiction in Florida over a nonresident defendant for a defamation claim must make a prima facie showing that that the purported defamatory statements were not merely accessible to, but also "accessed by a third party in Florida." See Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1215 (Fla. 2010) (emphasis added).  Catalyst's amended

5

complaint alleged that Fullerton "published . . . defamatory Statements in Florida to Catalyst and third parties in Florida via [the Message Board] dedicated to discussions regarding Catalyst." And it alleged that these "Statements were accessed by Catalyst and others in Florida." While these allegations may establish that Fullerton's statements were accessible in Florida, they do not point to any facts showing the statements were accessed in Florida. Cf. id. at 1203–04, 1215 (holding that allegedly defamatory content posted on a website was accessed in Florida where, through exhibits attached to the complaint, the plaintiff showed that a number of those who commented on the posts "appeared to be from Florida"). As a result, Catalyst's complaint "failed to make a showing on an essential element of [its] case with respect to which [it] had the burden of proof." Smith, 894 F.2d at 1552.

Schwartz's first Declaration did not cure this defect. Schwartz worked for the law firm representing Catalyst in this suit when he prepared and executed his affidavit. Schwartz was also present during Fullerton's deposition and questioned him as well. Thus, the fact that Schwartz accessed Fullerton's postings is hardly surprising, and was in keeping with his role as counsel, as opposed to a third party. This is fatal to Catalyst's attempt to use him to establish a prima facie case under § 48.193(1)(a)(2), insofar as the posts could not be deemed published in Florida until they were "accessed by a third party in Florida." Internet Sols., 39 So. 3d at

6

1215 (emphasis added); see also Maine v. Allstate Ins. Co., 240 So. 2d 857, 858 (Fla. 4th DCA 1970) (holding that, where an allegedly defamatory letter was sent to the plaintiff's attorney, "there was no publication since the plaintiff's attorney was clearly and without dispute the plaintiff's agent as concerns [the] transaction at issue and since the attorney had asked to receive copies of all papers and correspondence").

Contrary to Catalyst's assertions on appeal, Louis Vuitton  and Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008), do not compel a different result. Both of these cases address allegations of trademark infringement via publicly-accessible websites.  Louis Vuitton, 735 F.3d at 1352–54; Licciardello, 544 F.3d at 1282–84.  And both suggest a website's accessibility in Florida is sufficient to establish a prima facie case that the trademark infringement occurred within Florida for the purposes of § 48.193(1)(a)(2).  See Louis Vuitton, 736 F.3d at 1353–54; Licciardello, 544 F.3d at 1283–84.  However, were we to extend these rulings on trademark infringement to say that mere accessibility is enough to establish a prima facie case that defamation "occurred within" Florida under § 48.193(1)(a)(2), we would be at odds with the Florida Supreme Court's holding in Internet Solutions.  See 39 So. 3d at 1203 ("We conclude that posting defamatory material on a website alone does not constitute the commission of a tortious act

within Florida for purposes of section 48.193(1)(b)").[1]  And, again, we are bound

to apply the Florida long-arm statute in the same way "as would the Florida

Supreme Court."  Louis Vuitton, 736 F.3d at 1352 (quotation omitted).

Neither do the additional declarations Catalyst filed as part of its motion to

reconsider change our conclusion.  We review denials of motions to reconsider for

abuse of discretion.  M.G. v. St. Lucie Cty. Sch. Bd., 741 F.3d 1260, 1262 (11th

Cir. 2014) (per curiam); Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996)

(per curiam).  "[R]elief from final judgment may be granted based on . . . newly

discovered evidence that could not have been discovered earlier with reasonable

diligence."  M.G., 741 F.3d at 1262 (quotation omitted). However, Catalyst has

made no showing that these declarations—or the facts in them—were previously

unavailable.  Indeed, three of the declarations are from shareholders who had been

partial owners of Catalyst "[s]ince at least 2014," well before Catalyst filed its

amended complaint in May of 2017.  And the fourth is from Mr. Schwartz, who

submitted his first declaration more than two months before Catalyst filed its

motion to reconsider.  Each of these late declarations says only that the declarant

had accessed at least some of Fullerton's posts since 2014.  In light of the

---

[1] "In 2013, the Florida legislature amended the statute and moved the tortious acts provision [from Fla. Stat. § 48.193(1)(b)] to its present location at Fla. Stat. § 48.193(1)(a)(2)." Louis Vuitton, 736 F.3d at 1353 n.7.

relationship each declarant had with Catalyst, it could have included them in its amended complaint or its response to Fullerton's motion to dismiss.

## IV.

We **AFFIRM** the district court's dismissal for lack of personal jurisdiction.