[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10281

Non-Argument Calendar

_____

KELVIN DAISE, JR.,

Plaintiff-Appellant,

*versus*

STATE OF WASHINGTON,
WASHINGTON STATE LIQUOR AND CANNABIS BOARD,
WASHINGTON STATE EMPLOYMENT SECURITY
DEPARTMENT,
WASHINGTON STATE PUBLIC EMPLOYEES RELATIONS
COMMISSION,
WASHINGTON STATE ETHICS BOARD, et. al,

2                    Opinion of the Court                    21-10281

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14289-KMM

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Kelvin Daise, Jr., proceeding *pro se*,[1] appeals the district court's orders dismissing *without prejudice* Plaintiff's second amended complaint and denying Plaintiff's motion for reconsideration of that dismissal.[2]  Plaintiff also appeals the district

_____

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] Generally speaking, an involuntary dismissal without prejudice constitutes a final order for purposes of appeal. *See Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993); *see also Robinson v. Fed. Nat'l Mortg. Ass'n*, 673 F.2d 1247, 1249 (11th Cir. 1982) (concluding that an order dismissing involuntarily an action without prejudice, while leaving open the possibility of an amended

21-10281                Opinion of the Court                3

court's denial of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and the district court's striking of Plaintiff's motion for default judgment. No reversible error has been shown; we affirm.

In August 2020, Plaintiff filed *pro se* this civil action against the State of Washington. Plaintiff moved for leave to proceed IFP. The district court -- pursuant to 28 U.S.C. § 1915(e) -- dismissed *sua sponte* and without prejudice Plaintiff's amended complaint for failure to state a claim. The district court explained that Plaintiff's complaint constituted an impermissible shotgun pleading, lacked sufficient information and specificity to enable the district court to determine whether Plaintiff's claims might be barred by the Eleventh Amendment, and included non-cognizable claims. The district court ordered Plaintiff to amend his complaint to cure the identified deficiencies. The district court ordered Plaintiff's case administratively closed and denied as moot all pending motions, including Plaintiff's pending IFP motion.

Plaintiff filed timely a second amended complaint. Plaintiff named as defendants the State of Washington, which he said included "Washington State Liquor and Cannabis Board, Washington State Employment Security Department, Washington State Public Employees Relations Commission, Washington State Human Rights Commission, Thurston County, [and] Pierce County."

complaint, becomes a final order if the plaintiff elects to appeal the dismissal instead of amending the complaint).

Plaintiff purported to assert claims for unlawful employment discrimination and retaliation based on race and sex, invasion of privacy, violations of due process and equal protection, and intentional infliction of emotional distress. As relief, Plaintiff sought a declaratory judgment as well as compensatory and punitive damages.

The district court reopened Plaintiff's case and ordered Plaintiff to "pay the filing fee, or request that the Court reopen his prior Motion to Proceed In Forma Pauperis on or before October 21, 2020." Plaintiff paid the filing fee on 5 October.

On 19 October 2020, the district court issued a pretrial order setting forth certain deadlines ("Scheduling Order"). In the Scheduling Order, the district court ordered the parties to file a joint scheduling report within 10 days of the joint scheduling conference: a conference that was required to be held (at the latest) within 60 days of reopening Plaintiff's case. If defendants were not served prior to the established deadline, the district court directed Plaintiff to move for an enlargement of time, not to exceed 90 days from the reopening of Plaintiff's case. The district court also advised that failure to file the joint scheduling report could result in dismissal of the case. Plaintiff never filed a joint scheduling report and never moved for an enlargement of time.

On 14 December 2020, Plaintiff moved -- under Fed. R. Civ. P. 55 -- for default judgment based on defendants' failure to respond to his complaint. The district court struck Plaintiff's motion, explaining that it could not enter a default judgment until after the

clerk had entered a default against the party that had purportedly failed to defend. Plaintiff then moved for the clerk to enter default against defendants. In response to Plaintiff's motions, the clerk entered a "Non-Entry of Default" and stated that no executed summons or executed waiver of service had been entered on the docket.

On 31 December 2020 -- 91 days after Plaintiff's case was reopened -- the district court *sua sponte* dismissed without prejudice Plaintiff's case. The district court explained that the deadline for filing a joint scheduling report had expired and that no extension had been requested. The district court said that "[t]he Parties may move to reopen this matter upon the Parties filing a joint scheduling report." The district court later denied Plaintiff's motions for rescission and for reconsideration of the dismissal order.

I.

On appeal, Plaintiff contends that the district court abused its discretion when the district court ordered Plaintiff to pay a filing fee without first ruling on Plaintiff's motion for IFP or otherwise providing notice that Plaintiff was unentitled to IFP status. Plaintiff's argument misstates the record.

After Plaintiff filed his second amended complaint, the district court issued an order reopening Plaintiff's case. In that order, the district court noted that Plaintiff's earlier-filed IFP motion had

6                    Opinion of the Court                    21-10281

been denied as moot and that Plaintiff had filed no renewed IFP motion. The district court then ordered Plaintiff to either pay the required filing fee *or* to move to reopen his initial IFP motion. Despite having been given the express option to do so, Plaintiff never sought to reopen his IFP motion. Instead, Plaintiff paid the required filing fee on 5 October. On this record, we see no abuse of discretion.


II.


Plaintiff next challenges the district court's striking of Plaintiff's 14 December 2020 motion for default judgment. In striking Plaintiff's motion, the district court said that "default judgment cannot be entered until the Clerk of the Court has entered default against a party that has failed to defend."

On appeal, Plaintiff contends that default judgment was appropriate under Fed. R. Civ. P. 55: Plaintiff says he effected proper service on defendants and defendants failed to plead or defend against Plaintiff's suit within the pertinent time. Plaintiff claims the district court clearly erred by requiring Plaintiff to first request an entry of default from the clerk: an error Plaintiff says violated his due process and equal protection rights under the Fourteenth Amendment.

We review the district court's order striking Plaintiff's motion for default judgment under an abuse-of-discretion standard.

*See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (reviewing for abuse of discretion the denial of a motion for default judgment); *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (reviewing the district court's decision to strike a pleading under an abuse-of-discretion standard).

Rule 55 presents a two-step process for a plaintiff to obtain a default judgment. First, a plaintiff must apply to the clerk for an entry of default. *See* Fed. R. Civ. P. 55(a). Under Rule 55(a), the clerk of court "must enter" a default against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after the clerk's entry of default -- and if "the plaintiff's claim is [not] for a sum certain or a sum that can be made certain by computation"[3] -- the plaintiff "must apply to the court for a default judgment." *See* Fed. R. Civ. P. 55(b). The district court may then "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The district court abused no discretion in requiring Plaintiff to first seek an entry of default under Rule 55(a) before the district court would consider Plaintiff's motion for a default judgment under Rule 55(b). The district court's order is consistent with the

---

[3] The operative complaint in this case does not present a claim for a sum certain or the like.

procedure set out in Rule 55.  Furthermore, under Rule 55, a clear distinction exists between the clerk's entry of default (which "must" be entered upon the defendant's failure to plead or defend) and the district court's entry of a default judgment (which requires an evidentiary hearing and other proceedings).  *See SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  In his motion for default judgment, Plaintiff asserted only that Defendants had failed to plead or otherwise to defend within the required time: arguments that pertained to a clerk's entry of default, not the district court's entry of default judgment.

To the extent Plaintiff challenges the clerk's non-entries of default, those docket entries are not final appealable orders over which we have jurisdiction.  For background, see 28 U.S.C. § 1291.

III.

Plaintiff next challenges the district court's dismissal without prejudice of his second amended complaint.

We review for abuse of discretion a district court's dismissal of a case for failure to comply with court orders.  *See Foudy v. Indian River Cty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

"A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases."  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape*

*Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted). This authority permits a district court to dismiss a claim if the plaintiff fails to prosecute or fails to comply with a court order. *Id.* "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In addition, a dismissal without prejudice is generally not considered an abuse of discretion because the plaintiff may still refile. *See Dynes v. Army Air Fore Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (determining that the district court's dismissal of a case based on plaintiff's failure to file a court-ordered brief was not an abuse of discretion because the case was dismissed without prejudice); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976) (providing that a district court's dismissal without prejudice is generally subject to "a less stringent standard of review . . . because the plaintiff would be able to file his suit again.").

Under the circumstances presented in this case, the district court abused no discretion in dismissing without prejudice Plaintiff's second amended complaint. In its Scheduling Order, the district court ordered the parties to file a joint scheduling report by a set time and warned that failure to comply with the Scheduling Order could result in dismissal. Plaintiff, however, never filed either the required joint scheduling report or a motion for an extension of time to do so. Given these facts -- and that the district court's dismissal was made without prejudice and that the district court

gave Plaintiff the opportunity to reopen the case upon filing the required document -- we cannot conclude that the district court abused its discretion.[4]

IV.

The district court also abused no discretion in denying Plaintiff's motions for reconsideration of its dismissal. In his motions for reconsideration, Plaintiff never disputed his failure to comply with the district court's Scheduling Order. Nor did Plaintiff explain his failure to seek an extension of time. Plaintiff asserted only that he had tried unsuccessfully to contact defendants about the scheduling hearing. In his motions, Plaintiff focused chiefly on arguments he had already raised in his motions for default and for default judgment. In short, Plaintiff demonstrated no "extraordinary circumstances" that would have warranted reconsideration. *See M.G. v. St. Lucie Cty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014) ("Movants for reconsideration must show 'extraordinary circumstances justifying the reopening of a final judgment.'" (alteration omitted)); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir.

---

[4] Plaintiff contends for the first time on appeal that the Scheduling Order violated Fed. R. Civ. P. 26(f)(1). Plaintiff also makes a conclusory argument -- without citation to authority or arguments in support -- that the Scheduling Order violated Plaintiff's Fourteenth Amendment rights to due process and equal protection. These arguments are not properly before us on appeal.

2009) ("A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'").  That the district court -- in denying reconsideration -- said repeatedly that it would reopen Plaintiff's case upon the filing of the joint scheduling report further demonstrates no abuse of discretion.

AFFIRMED.